Allen *v.* Wells.

———————— ◦◦◦ ————————

### ALLEN *v.* WELLS.

STATUTES CONSTRUED—COSTS.—Action by *A* against *B* for trespass in entering upon lands, and cutting and removing timber. *B* answered by, 1. A denial. 2. That he was the owner, &c., of the lands

Allen *v.* Wells.

described in the complaint. *A* replied by a denial; and accompanied his reply with an affidavit that title to land was in issue, and a motion that the case be transferred to the Circuit Court. The motion was granted. The case was tried in the latter Court, and a judgment, on verdict, rendered in favor of *A*. *B* made a motion to tax all the costs which had accrued in the Common Pleas, except the costs of the summons and its service, against *A*. This motion was overruled, except as to the costs occasioned by the transfer. *B* appealed, and insisted that his motion should have been sustained.

*Held,* that section 11, 2 G. & H. p. 22, should be construed to give the Circuit Court some latitude of discretion in each case that may arise under the clause thereof wherein the word "may" occurs; and that, so far as appeared from the record, there was no abuse of a sound discretion, in the judgment as to costs, given by that Court.

APPEAL from the *Daviess* Circuit Court.

HANNA, J.— *Wells* sued *Allen* in the Common Pleas for trespass in entering upon lands, and cutting and removing timber.

Answer: 1. Denial. 2. That defendant was the owner, &c., of the lands described in the complaint. Reply in denial, and accompanied with an affidavit that title to land was in issue, and motion that the case be transferred to the Circuit Court. The case was so transferred. Trial in the Circuit Court, verdict and judgment for the plaintiff for 8 dollars and part of the costs. On motion of the defendant a judgment was rendered against the plaintiff for the costs occasioned by the transfer. The defendant appealed, and insists that all costs that accrued in the Common Pleas, "except the summons and its service," should have been assessed against the plaintiff, as moved for by the defendant, in pursuance of the statute. 2 G. & H. § 11, p. 22. By this section it is provided that, "when it appears upon the face of the complaint or by

other legitimate pleadings, verified by affidavit, that the title to real estate is in issue," the case shall be transferred, &c.

It did not appear from the face of the complaint that the title to real estate was in issue. It is assumed in argument that it so appeared, because the plaintiff averred therein that he was the owner of the lands upon which the alleged trespass was committed. But it has been decided that the word issue has a technical legal meaning as here used. *Holliday* v. *Spencer*, 7 Ind. 632. It is evident that the suit was, in the case at bar, for cutting and carrying away the timber, and so far as the complaint shows this was the point in dispute, or issue, which the complainant intended to raise. The defendant avoided that issue by saying that he was the owner of the land, but his pleadings were not verified. This answer was denied and the reply verified.

The pleading thus filed by the defendant should have been verified, so as to authorize the Court to transfer the case, unless a state of facts had existed, and been pleaded by the plaintiff in reply, admitting the title in the defendant, but still entitling the plaintiff to his action for the alleged trespass. Whether such facts might have existed, we need not determine, as they could not have been pleaded by the plaintiff if they did, because such reply would have been a departure—the plaintiff having alleged in the complaint that he was the owner of said lands. We think, then, that in the case at bar, to have brought the same within the meaning of the statute quoted, the pleadings of the defendant should have been verified. As this was not done it may be possible that the Common Pleas should not have ordered the transfer of the case to the Circuit Court; but upon this point the Circuit Court made no order, because the section of the statute above quoted from provides that, "the decision of the Common Pleas ordering the transfer shall be final, but the Circuit Court may tax all costs made in the former Court, except

Allen *v.* Wells.

the summons and its service, to the party procuring such transfer without sufficient cause." If we are correct in the views above expressed, it would seem to follow that the plaintiff had procured the transfer without sufficient cause, for he should have taken the proper steps to get rid of the pleadings of the defendant which were thus insufficient, unless verified as required, and should not have proceeded as he did. But having thus proceeded and obtained an order which the statute provides shall be final, what was the duty of the Circuit Court as to the costs? Had that Court a discretion to tax the costs made in the Common Pleas against either party, or should the word "may," as used in this statute be construed as equivalent to "shall." In that part of said section immediately preceding the portion last above quoted, this language occurs: "If the cause of transfer appear in the complaint, the plaintiff shall pay all costs in the Common Pleas, except the summons and its service." Why the use of these two words, which, ordinarily, have a different meaning, if, in each instance, the imperative duty was intended to be devolved upon the Court of taxing the costs in the same way under each distinct set of circumstances?

We are inclined to the belief that a just construction of this section would give the Court some latitude of discretion in deciding each case that might arise under the clause where the word "may" occurs. If we are correct in this, then, we can not disturb the judgment herein, for we do not perceive that there was any abuse of a sound discretion, so far as the record shows the facts.

*Per Curiam.*—The judgment is affirmed, with costs.

*J. W. Burton,* for the appellant.

*R. A. Clements, Jr.,* for the appellee.