# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1881, IN THE SIXTY-
SIXTH YEAR OF THE STATE.

No. 8870.

### HERBERT v. BERRIER ET AL.

WILL.—*Attestation.*—The attestation of a will thus, "Signed and sealed in the presence of," etc., followed by the signatures of two witnesses, is sufficient in form.

SAME.—*Execution.*—If one who subscribes a will as an attesting witness is competent for that purpose, he is a fit person to write the testator's name thereto at his request.

SAME.—*Attesting Witnesses.*—*Signature.*—Proof, in the absence of a contest, of the genuineness of the signatures of the attesting witnesses, and that they are dead or non-residents of the State, or can not be found, and that they attested it at the testator's request, and in his presence, and that one of them wrote the testator's name at his request, and that the subscribing witnesses in person wrote their own names in his presence, is sufficient.

SAME.—*Testator's Capacity.*—*Presumption.*—*Statute Construed.*—Express proof of the capacity of the testator to make a will, and of his freedom from coercion, when no contest is pending, is not required by the statute, R. S. 1881, section 2587. This, in the absence of proof, is presumed.

SAME.—*Competency of Witnesses.*—The competency of the attesting witnesses to a will will be presumed until the contrary is shown.

SAME.—*Pleading.*—A complaint to overthrow a will, which alleges generally that "the will has been admitted to probate unlawfully and without sufficient proof," is too vague and uncertain.

From the Porter Circuit Court.

*W. E. Pinney*, for appellant.

*J. Bradley* and *J. H. Bradley*, for appellees.

ELLIOTT, C. J.—This case was tried upon an agreed statement of facts. We extract from the statement such facts as are essential to a proper understanding of the questions presented by this appeal.

On the 3d day of October, 1848, John Berrier, Sen., executed an instrument purporting to be his will. To the instrument is affixed the signature of Berrier, and following it is written, "Signed and sealed in the presence of Alonzo Whitcomb, Esq., Elisha Keith." John Berrier, Sen., died on the 6th day of January, 1872, leaving both real and personal property. On the 6th day of February, 1872, the instrument was produced to the clerk of Porter county, and by him admitted to probate. Proof of the execution of the will was made by the affidavits of Edney L. Whitcomb, Salome Kouts and Perry C. Kouts. The affidavit of Edney L. Whitcomb stated that he was the son of Alonzo Whitcomb, who was a subscribing witness to the will of John Berrier, Sen.; that the said Alonzo is dead; that the affiant was well acquainted with the subscribing witness' handwriting, and that the signature attached to the will " is the genuine signature of Alonzo Whitcomb." The affidavit of Salome Kouts stated that she nursed Berrier (who was ill at the time the will was executed); that she was present when the will was signed; that Alonzo Whitcomb and Elisha Keith subscribed their names as attesting witnesses at the testator's request, and that the will produced by the proponents was the identical will so signed and attested. Perry C. Kouts states, in his affidavit, that he has made diligent search and enquiries, and can get no information that will enable him to find the residence of Elisha Keith, and that he has reason to believe, and does believe, that Keith is not a resident of the State of Indiana.

A will must be executed in accordance with the law. Upon this point there can not well be two opinions. *Patterson* v. *Ransom*, 55 Ind. 402.

Our first work is to ascertain whether the instrument, about which this contest is waged, was executed in conformity to the

Herbert *v.* Berrier *et al.*

requirements of the law. The law in force at the time the will was signed provided that no will should be effectual to pass any estate unless it was in writing, and signed by the testator, or some person in his presence, and by his express direction, and subscribed in his presence by two or more competent witnesses. R. S. 1843, p. 491. The law in force at the time of Berrier's death was substantially the same, as to the attestation of a will, as that in force when the will was signed and attested. 2 R. S. 1876, p. 572.

We think the evidence adduced by the proponents at the time the will was offered for probate shows that the signature of Berrier was written to the will upon his express direction. This is a sufficient compliance with the requirement of the law, that the will shall be signed by the testator, or by some one by his direction. It is not necessary that it should be shown that the testator was incapacitated by illness or otherwise from affixing his own name to the instrument. It is enough if it appears that he directed the person who wrote his name to do it, in execution of his purpose to make a will.

The testator's name may be written by one of the subscribing witnesses. If the person who subscribes as a witness is competent for that purpose, he is a fit person to write the testator's name at his request. *Smith* v. *Harris*, 1 Rob. Ec. 262; *Robins* v. *Coryell*, 27 Barb. 556. The evidence adduced also shows that the testator expressly acknowledged, in the presence of the subscribing witnesses, the execution of the will, and this is an adoption of the act of the person who signed for him. *Haynes* v. *Haynes*, 1 Am. Prob. Rep. 263; *Turner* v. *Cook*, 36 Ind. 129.

The attestation is sufficient in form. No precise form is required. It will be sufficient if that adopted shows that the testator's signature was affixed in the presence of the witnesses. There are, indeed, many cases holding that no attestation clause is necessary. 3 Jarman Wills, 5th Am. ed., p. 763, authorities in note.

The proponent of a will is not bound to prove, in the first

instance, that the subscribing witnesses were competent. The presumption is in favor of their competency, and this prevails until overcome by evidence or countervailing presumptions.

It is not necessary to prove a formal request to the witnesses. It is enough to show that the will was subscribed to as such by the testator in their presence, and by them as witnesses in the conscious presence of the testator. *Matter of the Will* of *Allen*, 1 Am. Prob. R. 580. See also authorities cited in note to *Mandeville* v. *Parker*, 1 Am. Prob. R. 106 ; *Turner* v. *Cook*, 36 Ind. 129 ; *Brown* v. *McAlister*, 34 Ind. 375 ; *McElfresh* v. *Guard*, 32 Ind. 408 ; *Cheatham* v. *Hatcher*, 32 Am. R. 650.

Proof of the genuineness of the signatures of the attesting witnesses was properly made by proving their handwriting. It may be inferred from evidence of handwriting, that signatures are genuine. A party who shows that a name is in the handwriting of the person whose signature is in question, has a right, in the absence of anything to the contrary, to have an inference of its genuineness made in his favor. Nothing being shown to the contrary, it was proper to infer from evidence that the signatures were in the handwriting of the persons whose names were annexed as subscribing witnesses, that the signatures were written by them. But, if this was not so, the affidavit of one of the witnesses shows that the subscribing witnesses affixed their signatures in her presence, as well as in that of the testator, so that there can be no doubt as to the genuineness of their signatures.

Judge Redfield says that " The general rule is that the capacity to execute wills extends to all." 1 Redf. Wills, 8. In *Sloan* v. *Maxwell*, 2 Green Ch. (N. J.) 563, it was said, that it is a "fixed principle, that whenever the formal execution of a will is duly proved, he who wishes to impeach it on the ground of incompetency, must support by proof the allegation he makes, and thereby overcome the presumption which the law raises of the sanity of the testator." *Rush* v. *Megee*, 36 Ind. 69 ; *Banker* v. *Banker*, 63 N. Y. 409 ; *Baxter* v. *Abbott*, 7 Gray, 71. The appellant contends that our statute requires that affirmative

evidence of testamentary capacity must be adduced before the will can be admitted to probate. The basis of this contention is supplied by section 30 of the act concerning wills, which reads thus: "If it shall appear from the proof taken, that the will was duly executed, the testator at the time of executing the same competent to devise his property, and not under coercion, such testimony shall be written down, subscribed by the witness examined, and attested by said clerk with his signature and seal of office; and the will, with such testimony and attestation, shall be recorded by such clerk in a book kept for that purpose, and certified by him to be a complete record." This section is to be taken in connection with other provisions of the same act, and, when so taken, can not be construed to overturn settled rules of evidence, and to require a proponent to show, not only testamentary capacity, but also freedom from restraint. We think the natural presumption of competency must prevail, unless something countervailing it appears. In the statute defining murder, the provision expressly refers to persons of sound mind, and yet the courts have universally held that sanity is to be presumed until the contrary is made to appear. The proof of the formal execution of the will, together with the contents of the will itself, may well be held to supply grounds for inferring the competency of the testator. We can not believe that the Legislature ever intended that the proponent of a will should, in the first instance, prove sanity and freedom from coercion. The language of section 27 of the statute lends strong confirmation to this view. It is there provided: "Before a written will shall be admitted to probate or letters testamentary, or administration with the will annexed, shall be granted thereon, such will shall be proven by one or more of the subscribing witnesses, or if they be dead, out of the State, or have become incompetent from any cause since attesting such will, then by proof of the handwriting of the testator, or of the subscribing witnesses thereto." This contemplates no more than due proof of the formal execution of the will, and clearly

means that when such proof is made, the will shall be admitted to probate. It certainly does not mean that in advance of any imputation of want of capacity, or of a showing of the presence of duress or undue influence, the proponent shall give evidence of sanity and liberty of action.

We are not called upon to decide what the rule would be in case of an objection interposed before the admission to probate. If the objection had been made before probate, there would be much more force in the position, that the proponent must prove testamentary capacity and the absence of coercion. But upon this point there is great diversity of opinion; the weight of authority seems to be that even in such cases the proponent is not bound, in the first instance, to give evidence of capacity and freedom from restraint.

Where, as in the case before us, the will has been admitted to probate, is reasonable on its face, and its execution unattended by suspicious circumstances, some evidence of want of capacity and of the presence of fraud or coercion must be given by the party who attacks the will, before the party who propounds the will can be called upon to prove, what the law presumes, the presence of capacity and the absence of fraud. It would be an unnatural and strained perversion of the rules of logic to hold that a party must, where nothing is shown in opposition, proceed to establish what the law presumes; where the ultimate burden shall rest is another question.

The thirty-ninth section of the statute, giving the right to contest wills which have been admitted to probate, very clearly casts upon the complainants the burden of giving some evidence of coercion or incapacity before the party supporting the will can be required to give evidence of capacity and freedom from undue influence. This case is governed by that section, for it is an action brought to overthrow a will already admitted to probate.

The proponents proved the handwriting of the attesting witnesses, and this was sufficient under the provisions of the statute already quoted. The evidence did much more than

this, for it directly proved that the witnesses subscribed their names to the paper in the presence of the testator. The affidavit of Salome Kouts shows the actual signing by the witnesses of their names, and shows also that one of them, at the time, signed the testator's name pursuant to his request. The evidence upon this point could not well be stronger.

The statute makes express provision for proving the execution of wills where the witnesses are dead, or out of the State. The evidence brings the case fully within the provisions of the statute. It is clearly shown that one of the subscribing witnesses was dead, and that the other was out of the State and could not be found. This was amply sufficient to permit the introduction of evidence of the handwriting of the witnesses.

We have considered all the questions which can properly arise under the allegations of the complaint, and find no error in the record.

The complaint is in many respects subject to criticism. The general allegation, that " the will has been admitted to probate unlawfully and without sufficient proof," is too vague and uncertain. The defects in the proof, or the facts making the "probate unlawful," should be stated. Mere conclusions, such as that stated, are not sufficient; there should be allegations of substantive facts.

Judgment affirmed.

Petition for a rehearing overruled.