## OLERICK ET AL. *v.* ROSS ET AL.

[No. 17,929.   Filed November 24, 1896.]

WILLS.—*Execution.*—*Attestation.*— *Statute Construed.*— Under section 2746, Burns' R. S. 1894, providing as to the form of execution and attestation of wills, it is not essential to the validity of a will that the attesting clause should recite all the forms required by the statute ; it is sufficient if the witnesses subscribe their names as such opposite the word "witnesses."

From the Lake Circuit Court. *Affirmed.*

*Thomas J. Wood,* for appellants.

*Bruce & Bruce,* for appellees.

MONKS, J.—This action was brought by appellants against appellees, to quiet title to certain real estate in Lake county.   Appellees claim title to said real estate under the will of William Hoofhouse, which was probated August 7, 1888.   Appellants contend that said will is void, and claim title to the real estate as the heirs of said testator.

It is insisted that the will is void because it is not attested as required by statute; that the attesting clause should be in writing, and recite all the forms required by the statute, and thus show the same had been complied with.

Section 2746, Burns' R. S. 1894 (2576, R. S. 1881), provides that "No will except a nuncupative will shall affect any estate, unless it be in writing, signed by the testator, or by some one in his presence with his consent, and attested and subscribed in his presence by two or more competent witnesses."

The testator signed the will by mark, and the only attesting clause was the word "Witnesses," opposite which the names of the witnesses were subscribed.

Olerick *et al. v.* Ross *et al.*

While it is very desirable, for reasons not necessary to state in the determination of this cause, that an attestation clause should be full and give all the details required by the statute, yet this is not essential to the validity of the will. In order to probate a will it is necessary to prove by proper evidence that all the requirements of section 2746 (2576), *supra,* were complied with, but said section does not require an attesting clause showing that said legal formalties were all observed.

It is sufficient if the witnesses subscribe their names as witnesses under or opposite the word "witness" or "attest," or other words of like meaning, or subscribe their names without any expression whatever. *Herbert* v. *Berrier,* 81 Ind. 1; *Potts* v. *Felton,* 70 Ind. 166; *Ela* v. *Edwards,* 16 Gray (Mass.) 91, 90 Am. Dec. 174; *Fatheree* v. *Lawrence,* 33 Miss. 585; *Waddington* v. *Buzby,* 45 N. J. Eq. 173, 16 Atl. 690, 16 Am. St. 706; *Robinson* v. *Brewster,* 140 Ill. 649, 30 N. E. 683, 33 Am. St. 265; *Christopher Fry's Will,* 2 R. I. 88; *Chaffee* v. *Baptist Miss. Convention,* 10 Paige (N. Y.) 85, 40 Am. Dec. 225; *Jackson* v. *Christman,* 4 Wend.. 277; *Jackson* v. *Jackson,* 39 N. Y. 153; *Roberts* v. *Phillips,* 4 El. & Bl. 450; *Bryan* v. *White,* 5 E. L. & Eq. 579; *Croft* v. *Pawlett,* 2 Stra. 1109; *Brice* v. *Smith,* Willes 1; 29 Am. and Eng. Ency. of Law, 194, 198, 203, and notes; 1 Jarman on Wills (5th ed.), 85; Schouler on Wills (2d ed.), section 346, and notes 5 and 6.

In *Potts* v. *Felton, supra,* the word "attest," written opposite the signatures of the witnesses was the only attesting clause and the will was sustained.

The statute of Massachusetts concerning the execution of wills, as set out in *Ela* v. *Edwards, supra,* is the same as section 2746 (2576), *supra,* except as to the number of witnesses required. In that case the court said: "The single requirement of the statute is that

the instrument be attested and subscribed in the presence of the testator by three or more witnesses. Even this, though it be essential that the facts be established by the evidence, yet neither the statute nor the decisions of the courts require that it be recited in the form of an attesting clause.  *  *  *  It seems, therefore, to be well established that the fact of the want of an attesting clause does not invalidate the will."

In *Fatheree* v. *Lawrence, supra,* the court held that although the statute expressly required that the attestation should be in the presence of the testator, that fact need not necessarily be stated in the attestation, and that it would be sufficient if that fact was proved at the trial.

In *Roberts* v. *Phillips, supra,* the court said: "The first objection taken to the attestation of William Bevan was that nothing appears on the face of the will to designate him as a witness.  *  *  *  It never has been held that a testimonium clause is necessary under this statute, or that the witnesses should be described as witnesses on the face of the will. Nothing more is required than that the will should be attested by witnesses, i. e. that they should be present as witnesses, and see it signed by the testator, and that it should be signed by the witnesses in the presence of the testator, i. e. that they should subscribe their names upon the will in his presence."

It follows that the will in controversy was properly attested within the meaning of section 2746 (2576), *supra,* and was not therefore invalid.

Judgment affirmed.