## BARRICKLOW v. STEWART, EXECUTOR, ET AL.

[No. 20,214. Filed October 28, 1904.]

WILLS.—*Unsoundness of Mind.*—*Testator's Erroneous View of the Law.*—Erroneous views of the law of descent or of wills held by testator furnish very slight, if any, ground for an inference of unsoundness of mind. *p. 440.*

SAME.—*Attesting Clause.*—That the attesting clause of a will was defective in form is unimportant, since by statute (§2746 Burns 1901), no attestation clause is required, the signatures alone being sufficient, if the statute is complied with in the execution of the will. *p. 440.*

APPEAL AND ERROR.—*Exclusion of Evidence.*—*Brief.*—*Supreme Court Rules.*—Where the trial court excludes certain evidence offered by appellant, but no abstract thereof is given in appellant's brief, a mere reference to the pages of the transcript where the evidence, objections and ruling may be found, is not a compliance with rule twenty-two, specification five, which provides that appellant's brief shall contain "a concise statement of so much of the record as fully presents every error and exception relied on, referring to the pages and lines of the transcript," and the question will not be considered. *p. 441.*

WILLS.—*Unsound Mind.*—*Evidence.*—The inventory and appraisement of the property of testator, in connection with proof of alleged delinquencies of the executor, are inadmissible in evidence on the question of the unsoundness of mind of testator. *p. 441.*

SAME.—*Instructions.*—An instruction in a will contest on the issue of unsound mind, charging in substance that if testator had sufficient strength of mind and memory to know the extent "or" value of property, the persons entitled to his bounty and their relationship to him, and to retain these in his mind long enough to execute his will, the jury should find for the defendants, is proper. A testator is not of unsound mind necessarily because he may not know both the value "and" extent of his property. *pp. 441, 442.*

WORDS AND PHRASES.—In an instruction in a contest of a will on the ground of insanity, it is not error to use the words "mental capacity" instead of "sufficient strength of mind and memory," since the former necessarily include the idea expressed by the latter. *p. 442.*

WILLS.—*Instructions.*—It is proper in the contest of a will on the ground of the unsoundness of mind of testator, to refuse an instruction stating that if testator had sufficient strength of mind and memory to know

Barricklow v. Stewart.

(1) the extent and value of his property, (2) the number and names of persons entitled to his bounty and their deserts, and (3) capacity to retain these until the will is executed, such testator was of sound mind, but if he "was lacking in any one of the above particulars" he was of unsound mind, since in old age the memory and judgment are often impaired, inability to call names, lapses of memory, forgetfulness, and tenderness toward early friends, are but natural tendencies, and testators are not required to do exact justice by will, their motives not being subject to judicial review. *pp. 442, 443.*

TRIAL.—*Withdrawing Part of Case from Jury.*—Where there is a want of evidence on plaintiff's part on the question of undue execution of a will, such issue should be taken from the jury by direction of the court. *p. 443.*

APPEAL AND ERROR. — *Failure to Set Out Instruction in Brief.* — *Supreme Court Rules.*—Where an instruction complained of is not set out in complainant's brief, it will not be considered. Rule twenty-two, specification five, Supreme Court. *p. 444.*

SAME.—*Clerical Error.*—An instruction and an attestation clause containing the word "executor" instead of "testator," the mistake being a mere clerical error, could mislead no one. *p. 445.*

From Ohio Circuit Court; *N. S. Givan,* Judge.

Action by Ruth E. Barricklow against Stephen A. Stewart, as executor of the will of Presley Gregg, deceased, and others to set aside such will. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*J. B. Coles, Cynthia Coles* and *W. W. Williams,* for appellant.

*S. H. Stewart, R. L. Davis, Roberts & Johnson, H. D. McMullen, H. R. McMullen* and *C. W. McMullen,* for appellees.

DOWLING, J.—This action was brought by the appellant, who was a niece and one of the heirs at law of one Presley Gregg, deceased, to contest the will of the said Gregg. The grounds of contest were the alleged unsoundness of the mind of the testator, that the execution of the will was procured by undue influence, and that the will was unduly executed. The answer was a general denial. Upon a trial by jury, a verdict was returned for the defendants, and judgment was rendered upon the verdict.

The ruling of the court on a motion for a new trial is

assigned for error. The first reason for a new trial set out in the motion was that the verdict was not sustained by sufficient evidence.

As is usually the case in proceedings of this kind, there was some evidence from which, if standing alone, the jury might have found a different verdict. But, upon the other hand, there was much which sustained the verdict. It is not our province to compare the testimony of one witness with that of another, or to determine the weight of the evidence. This was the especial duty of the jury, and the fact that there is in the record evidence which supports the verdict precludes any further investigation of that question by this court. Erroneous views of the law of descents or of wills entertained by a testator generally constitute very slight grounds, if any, for an inference of unsoundness of mind. Even gentlemen, learned in the law of these subjects, and possessing unquestionable ability to comprehend and apply it, often differ in opinion or fall into error. It is not strange, therefore, that persons destitute of professional learning should have mistaken notions in regard to the effect of certain words in the creation of estates, and the legal consequences of inconsistent devises or bequests of property.

The objection that the attesting clause, signed by the witnesses to the will, was defective in form is unimportant. No clause of this kind is essential, and none is required by the statute. The signatures of the witnesses constitute a sufficient attestation. §2746 Burns 1901. When the will is offered for probate, the manner of its execution and the circumstances attending it may be shown. §2754 Burns 1901. The validity of the execution of the will depends, not on the attestation clause, but on the conformity of such execution to the requirements of the statute, and the testimony of the subscribing witnesses, if they are produced or examined. Underhill, Wills, §200. *Herbert* v. *Berier* (1881), 81 Ind. 1.

Barricklow *v.* Stewart.

Counsel for appellant complain of the exclusion of evidence, but no abstract of the evidence proffered is given in their brief. We are referred to certain pages and lines of the transcript, but this is not in accordance with the rules and practice of this court. The fifth specification of rule twenty-two provides that the brief of appellant shall contain "a concise statement of so much of the record as fully presents every error and exception relied on, referring to the pages and lines of the transcript." If counsel neglect to incorporate such statement in their briefs, they can not expect the court to supply their omission by searching the transcript, and reading, perhaps, the whole of the evidence.

The refusal of the court to admit in evidence the inventory and appraisement of the property of the testator in connection with proof of alleged delinquencies of the executor with respect to such property, was entirely proper. These facts had nothing to do with the competency of the testator to execute the will or the circumstances under which it was executed.

The action of the court in refusing to give certain instructions, and in giving others, is the next error discussed by counsel. Even if instruction number one requested by appellant was correct, we think its substance was fully covered by instruction number six given by the court. Instruction number one was in these words: "If you believe from a fair preponderance of the evidence that Presley Gregg, at the time of executing the will in controversy in this action, had sufficient strength of mind and memory to know the extent and value of his property, the number and names of those who were the natural objects of his bounty, their deserts with reference to their conduct and treatment toward him, their capacity and necessity, and that he had sufficient active memory to retain all these facts in mind long enough to have his will prepared and executed, you should find a verdict for the defendants; but if you believe from such fair preponderance of evidence that Presley

Gregg, at the time of executing said will, was lacking in any one of the above particulars, it is your duty to find and return a verdict in favor of the plaintiff." The only difference between the two instructions pointed out by counsel for appellant is that in number six the court used the words "sufficient mental capacity to know the extent or value of his property," while in number one, offered by appellant, the statement was "sufficient strength of mind and memory to know the extent and value of his property."

As a statement of a rule of testamentary capacity, and as applicable to the proof which might be made in certain cases, either might be proper. But *Teegarden* v. *Lewis* (1896), 145 Ind. 98, from which a portion of the instruction offered is copied, does not purport to fix an invariable standard by which the competency of all persons to make wills is to be determined. It merely declares that if certain facts are found to exist they may be sufficient to authorize the conclusion that the testator was of unsound mind, within the meaning of the statute of wills. In that case, however, neither the words "sufficient mental capacity," nor "strength of mind and memory to know the extent," etc., are used. The language of that decision is, "that he was unable to know the extent," etc. The law does not arbitrarily pronounce a person incompetent to make a will who is unable to know both the extent and value of his property. In most cases, if he could comprehend either the extent or value, that fact would be entitled to considerable weight in determining the question of testamentary capacity. *Roller* v. *Kling* (1898), 150 Ind. 159, 164.

The objection that the court used the words "mental capacity" in place of "sufficient strength of mind and memory" is not well founded. The former phrase, while more general, and perhaps less definite, necessarily includes the idea expressed by the latter.

Finally, we doubt the correctness of the conclusion in the instruction tendered by the appellant that if the testator,

at the time of executing said will, "was lacking in any one of the above particulars, it is your duty to find and return a verdict in favor of the plaintiff." The "particulars" referred to enumerated in the preceding part of the instruction were (1) sufficient strength of mind and memory to know the extent and value of his property; (2) sufficient strength of mind and memory to know the number and names of those who were the natural objects of his bounty, their deserts with reference to their conduct and treatment toward him, their capacity and necessity; and (3) sufficient active memory to retain all these facts in mind long enough to have his will prepared and executed. It is easy to conceive of a person whose faculties of memory and judgment have been weakened and impaired to some extent by age, disease, or accident, yet who is neither imbecile nor of unsound mind. Inability to recall proper names is frequently a result of advancing years. Lapses of memory concerning particular persons are too frequent and too familiar to require comment. Forgetfulness of the unkindness and evil behavior of children or other relatives, and an increasing tenderness toward those who were objects of affection and solicitude in earlier years, are tendencies which very often accompany old age, bodily weakness, and a contemplation of approaching death. Testators are not required by law to mete out equal and exact justice to all expectant relatives in the disposition of their estates by will, and the motives of partiality, affection, or resentment, by which they may naturally be influenced, are not subject to examination and review by the courts.

The fourth instruction given by the court is complained of on the ground that "it withdraws all the issues from the jury, except the question of the soundness or unsoundness of the testator's mind, and tells the jury that the evidence relating to undue influence over the testator can only be considered upon the question as to whether the testator was of unsound mind." No evidence, proving or tending to

prove the exercise of undue influence by anyone over the testator, is set out in the brief, and, in the absence of such statement, we must presume that no such evidence was given. In that case, it was entirely proper for the court to inform the jury that the evidence in the case should be considered only upon the question of the soundness or unsoundness of the mind of the testator. *Stevens* v. *Leonard* (1900), 154 Ind. 67, 71, 77 Am. St. 446.

The tenth instruction given by the court is not set out in the brief, nor is its substance given, and for this reason we decline to examine the objections to it. Rule twenty-two, Supreme Court, specification 5; *Cleveland, etc., R. Co.* v. *Stewart* (1903), 161 Ind. 242, 248.

The last point made by counsel for appellant is that the fifteenth instruction is incoherent and erroneous "because the jury were told that if they found that Presley Gregg signed said will, its validity would not be affected by failure of the witnesses to attest the signature of the testator, instead of the declaration of the executor that it was his will." Counsel for appellant have failed to set out in their brief a copy of the concluding paragraph of the will, nor does the brief contain a copy of the attesting clause which was signed by the witnesses. By reason of these omissions, we are left in the dark on this branch of the case, and can only conjecture what the facts were regarding the place where the attesting witnesses subscribed their names. But, as we have stated elsewhere in this opinion, it is generally immaterial whether a formal attesting clause is added to the will or is omitted. Attestation by two witnesses is all that is required by the statute; and where an attestation clause is written out, but the witnesses fail to subscribe their names to it, and place them elsewhere on the will, the omission to attach the names to such clause is a mere informality, and does not affect the validity of the will. The copy of the will in the bill of exceptions shows that it was properly subscribed by the testator, and attested by the

witnesses. The use of the word "executor" in the attestation clause and in this instruction, instead of "testator," was so plainly a clerical mistake that it could mislead no one.

We find no error in the record. Judgment affirmed.