STATE EX REL. SELLERS, ET AL. *v.* SUPERIOR COURT OF MADISON COUNTY, DAVIS, SPECIAL JUDGE.

[No. 30,361. Filed June 20, 1963. Rehearing denied October 7, 1963.]

*Peck, Scott & Shine,* of Anderson, for relators.

*John D. Staggenburg, Jack B. Campbell, Lewis E. Jones* and *Campbell & Jones,* all of Anderson, for respondents.

MYERS, C. J.—This is an original action in mandate filed by relators against the Superior Court of Madison County, Indiana, and George B. Davis as Special Judge thereof, wherein relators petitioned the court to issue a writ mandating respondents to probate a will.

The facts involved are as follows: George M. Danforth died on September 17, 1961, leaving two inconsistent wills, one dated April 1, 1958, hereinafter called the 1958 will, and the other dated August 7, 1948, hereinafter called the 1948 will. The 1948 will had been executed in duplicate and the copy thereof was kept in the office of the testator's attorney. Decedent left surviving him as his only heirs at law two daughters, who are the relators herein, and one son, known as Robert C. Danforth or George Robert Danforth. He was known by both names, but we shall refer to him as Robert.

On September 18, 1961, relators filed objections to the probate of the last purported will of the decedent. On September 21, 1961, the 1958 will was offered for probate in the Superior Court of Madison County. At the same time there was filed a written proof of the execution of the will, which contained a revocation clause as to former wills.

On October 13, 1961, relators filed two identical verified petitions as plaintiffs against Robert C. Danforth and others as defendants to contest the probate of the 1958 will. One petition was filed in the estate proceedings on the Probate side of the Superior Court. The other was filed on the Civil side of the Superior Court under a separate cause number. The reason for this was that relators were not certain as to which side of the Superior Court should try the will contest.

On October 31, 1961, relators filed their verified petition to have a signed carbon copy of the purported 1948 will probated.

Thereafter, on November 28, 1961, Robert C. Danforth and the Citizens Banking Company of Anderson, Indiana, as named Executor of the purported 1958 will, filed a motion to strike from the court's file the purported 1948 will and expunge from the record the petition to probate that will. Filed with this motion and made a part thereof, was a written, signed revocation of the 1948 will. On November 30, 1961, verified written objections to the probate of the 1948 will were filed by Robert C. Danforth.

On January 5, 1962, relators moved to consolidate the will contest filed on the Civil side of the Superior Court with the identical contest filed on the Probate side, pursuant to a ruling by this court that such a suit could be filed on either docket. Accordingly, the suit filed on the Civil docket was ordered transferred and consolidated with the will contest on the Probate docket wherein all other matters of the estate were pending, including those pertaining to the 1948 will.

Motions for change of venue from the judge were taken at different times, pursuant to Supreme Court Rule 1-12B, pertaining to the will contest, the motion

to strike filed November 28, 1961, and the petition to probate the 1948 will. By agreement, George B. Davis, Judge of the Hancock Circuit Court, was appointed as Special Judge, and he qualified as such on July 16, 1962. Subsequently, relators filed their petition to contest the probate of the purported revocation of the 1948 will, and at the same time asked for a change of judge. Again, by agreement, the said George B. Davis was selected and qualified as Special Judge.

On October 31, 1962, relators moved to strike the motion to strike the 1948 will filed by Robert C. Danforth and the Citizens Banking Company, dated November 28, 1961, and on November 29, 1962, they filed a written motion for the court to hear evidence and probate the 1948 will. In this motion they alleged that more than six months had elapsed since their petition to probate had been filed on October 31, 1961, and that no petition to contest the will had been filed since that time.

The Judge heard argument on the motions and matters presented to him, and on January 3, 1963, he overruled the motion to strike the 1948 will, overruled the motion to strike that motion to strike, overruled the relators' petition to probate the 1948 will, and set the will contest for trial.

Relators have petitioned this court to issue a writ to the Special Judge, mandating him to probate the 1948 will. Their argument is based upon the fact that after objections were filed to the admission to probate of the 1948 will, thirty days passed without further action being taken on the part of Robert C. Danforth and the Bank; that thereafter those temporary objections expired because of failure to file a formal petition to

contest the will during the thirty-day period; that no further objections or formal petition to contest the will were filed within six months thereafter; that under the Probate Code of Indiana, it was mandatory upon the court to admit to probate the 1948 will as the last will of the deceased.

It is the position of the respondent, George B. Davis, Special Judge, that as a trial court it takes judicial notice of its own records and pleadings filed in this estate; that in an offer to probate a prior will, it will take judicial notice that a later will has been offered for probate, and that a will contest is pending with respect to the later will; that the complaint to contest the 1958 will not only places the validity of this will in issue, but also the question as to whether any prior wills have been revoked, which would include the 1948 will; that a trial of the 1958 will contest will determined all issues between the parties; that if relators should not prevail in their contest, the 1948 will would automatically be revoked; that if they should prevail, they could proceed immediately to probate the 1948 will as the only valid last will. Respondents further object to the use of mandate in this court as a proper remedy for the relators.

The pertinent sections of the Probate Code are as follows:

"7-113. Proof required for probate of will and grant of letters.—(a) When a will is offered for probate, if the court or the judge or the clerk in vacation finds that the decedent is dead and that the will was executed in all respects according to law, it shall be admitted to probate as the last will of the deceased, unless objections are filed as provided in section 716 [§7-116]. If the clerk shall refuse to admit a will to probate, an application therefor may be made to the court.

"(b) On a petition for the qualification of an executor or for the appointment of an administra-

tor the court, or the judge or the clerk in vacation shall grant letters accordingly or, on proper grounds, may deny the petition. [Acts 1953, ch. 112, §713, p. 295.]" Burns' Ind. Stat., 1953 Replacement.

"7-116. Objections to probate—Continuance.— Prior to the admission of a will to probate, written objections to its probate alleging that such objections are not made for vexation or delay may be filed in the court having jurisdiction of its probate by any interested person. No notice of the filing of such objection need be given but the clerk shall note such filing in the estate docket and copy such objections in the will record. When and if such will is thereafter offered for probate, it shall be impounded by the clerk, copied in the will record and its probate continued for thirty [30] days. If an action to resist the probate of such will is not commenced, as provided in section 717 [§7-117] hereof, within this time, such will may be admitted to probate without notice. [Acts 1953, ch. 112, §716, p. 295.]" Burns' Ind. Stat., 1953 Replacement.

"7-117. Action to contest will or resist probate — Limitation — Complaint — Parties. — Any interested person may contest the validity of any will or resist the probate thereof, at any time within six [6] months after the same has been offered for probate, by filing in the court having jurisdiction of the probate of the decedent's will his allegations in writing verified by affidavit, setting forth the unsoundness of mind of the testator, the undue execution of the will, that the same was executed under duress, or was obtained by fraud, or any other valid objection to its validity or the probate thereof; and the executor and all other persons beneficially interested therein shall be made defendants thereto. [Acts 1953, ch. 112, §717, p. 295.]" Burns' Ind. Stat., 1953 Replacement.

After carefully reviewing the facts, and the authorities cited to us by both sides, we are of the opinion that relators' position is not well-founded.

Before the motion to admit the 1948 will to probate, the motion to strike the will from the files was filed on November 28, 1961, and objections to the probate thereof were filed on November 30, 1961, by Robert C. Danforth and the Bank. The record reveals that after relators filed their petition for the probate of the 1948 will, October 31, 1961, the will was ordered "impounded" by the Clerk for further proceedings. No action was taken at that time to press for the admission of the will to probate until over a year later, at which time they filed their motion before the Special Judge requesting the court to hear evidence and probate the will.

When the admission of the 1948 will was urged before Judge Davis on November 29, 1962, the objections to it were still on file. The statute, §7-116, Burns' 1953 Replacement, *supra*, says that if an action to resist the probate of a will is not commenced as provided in §7-117, Burns' 1953 Replacement, *supra*, within this time, such will *"may"* be admitted to probate without notice. This does not put the court in the position of being under a strict duty to admit the will to probate. The use of the word *"may"* in §7-117 is permissive as opposed to the mandatory "shall" as used in §7-113. *Allen* v. *Wells* (1864), 22 Ind. 118, 121; *Morrison* v. *State ex rel.* (1914), 181 Ind. 544, 105 N. E. 113. Thus, the Judge is granted some discretion as to whether to probate a will under this section of the Code. The relators will not have been deprived of any rights, as the trial of the 1958 will contest will resolve the other issue presented as to the validity of the 1948 will. In this manner, a multiplicity of suits can be avoided. 29 Ind. Law Ency., Wills, p. 277.

In view of the decision arrived at by this court, which pertains to the principal issue involved, we do not take up other matters presented to us in the petition, such as whether or not mandate will lie as a remedy herein.

The writ of mandate as requested by relators is denied.

Achor, Arterburn, Jackson and Landis, JJ., concur.

NOTE.—Reported in 191 N. E. 2d 307.