IN THE MATTER OF THE ESTATE OF INEZ *v.* PLUMMER, DECEASED, ET AL. *v.* KAAG, ADMINISTRATOR, ETC., ET AL.

[No. 20,357. Filed September 26, 1966. Rehearing denied November 7, 1966. Transfer denied June 7, 1967.]

*David Peters* and *Robert J. Parrish*, both of Fort Wayne, for appellant.

*Miles C. Gerberding, J. A. Bruggeman, William F. Mc-Nagny* and *Barrett, Barrett & McNagny*, all of Fort Wayne, for appellees.

WICKENS, P. J.—In 1954 Joseph and Inez Plummer executed joint wills in the State of Oregon where they then resided. Joseph died a resident of that state in 1955 and the instrument was probated as his will there. In 1958 Inez Plummer died a resident of Allen County, Indiana. Thereafter steps were taken in this proceeding to establish the will probated in Oregon as her will.

On June 2, 1961 the Allen Superior Court (No. 2) of Indiana pursuant to a proper petition, entered its finding and order for probate of said will, the necessary part of which is as follows:

> "That said Will was duly executed in the manner and form as provided by law and complies with the laws of the State of Indiana, and which said Will was declared by said Testatrix to be her Last Will and Testament in the presence of Philip Hayter and Janet Lundy, the two subscribing witnesses to said Will; and that the said Testatrix signed said Will in the presence of said subscribing witnesses, and the said subscribing witnesses signed said Will as such subscribing witnesses at the request and in the presence of said Testatrix and in the presence of each other, and said testimony being duly recorded in the County Court of Polk County, Oregon, and the original of said Will being of record in said County and State, it is, therefore, ordered, adjudged, and decreed by the Court that said photostatic duly authenticated copy of said Will be duly admitted to probate as the Last Will and Testament of the said Inez V. Plummer, deceased, and that the same duly recorded in the Record of Wills of Allen County, Indiana."

Appellee was then appointed and qualified as administrator with the will annexed. Thereafter we are concerned with the following steps taken in such estate proceedings:

A. On petition of the administrator with the will annexed an order was entered on October 17, 1961, authorizing such administrator to bring suit against one Maurice V. Krebs to compel him to turn over certain assets claimed for the estate.

B. Said Maurice V. Krebs, appellant, and as the sole heir at law of decedent filed on August 16, 1963, a petition to remove such administrator.

C. Krebs filed November 12, 1963, a verified motion for the court to correct its record "under its inherent power."

D. January 31, 1964, Krebs filed objections to the probate of any will of Inez V. Plummer.

E. Said administrator on September 9, 1964, filed a motion for publication of the depositions of Philip Hayter and Janet (Lundy) Skopil.

F. September 9, 1964, Krebs filed "verified objections to the granting of the application for the publication of depositions. . . ."

G. September 15, 1964, Krebs filed a "verified petition to declare void the probate of will and letters of administration . . . granted thereunder."

On December 31, 1964, the court disposed of the matters raised ("A" to and including "G" above) by denying the motion to remove the administrator, denying Krebs' motion to correct the record, overruling Krebs' objections to probate, ordering the depositions published, denying the petition to declare void the probate of the will and the letters granted.

This appeal raises the question of whether the trial court had jurisdiction to probate as the will of the decedent a document which was in the custody of an Oregon court and had already been probated in Oregon as the will of decedent's husband. Appellant asserts error in admitting the photostatic and authenticated copy from the Oregon court, in the appointment of the personal representative, the publication and reading of certain depositions, and all the rulings we have mentioned.

Appellant assigned 16 errors on appeal but since all the errors basically raise the same question, the crux of appellant's argument centers around assigned errors 1 and 2, namely (1) the court was without jurisdiction to admit to probate the will of Inez Plummer, deceased; (2) the court erred in admitting to probate the will of Inez Plummer, deceased.

Lack of jurisidiction to probate the instrument in question seems to be asserted by appellant on the assumption that an order to probate is void if it is based on proceedings which do not literally comply with the statutes regarding the proof required to admit a will to probate. Without total agreement on that premise, we shall examine the proceedings here to determine their conformity with the Indiana Probate Code and what we understand may be the common law pertaining thereto.

The Probate Code, which has been in effect since 1953, is very specific on the mechanics of probate. It contains a section which describes who may file a petition for probate of will, which also provides that such petition may be combined with the request for issuance of letters testamentary. This section states that no notice that a will is to be offered for probate or that it has been probated shall be required. Significantly, this section permits the will to be probated "whether the same is written or is unwritten, is in his [petitioner's] possession or not, is lost, destroyed, or *without the state. . . .*" (Our insertion and emphasis). Acts 1953, ch. 112, § 704, p. 295, § 7-104 Burns' 1953 Replacement.

Another section of the Probate Code sets out the contents of a petition for probate and for the issuance of letters. This section, in addition to the information required provides:

"(f) If the will sought to be probated is unwritten, lost or was improperly destroyed or suppressed, a detailed statement of the provisions of said will so far as known;"

shall be stated in the petition. Acts 1953, ch. 112, § 705, p. 295, § 7-105, Burns' 1953 Replacement.

Three additional sections of the Probate Code relate to (1) the testimony of subscribing witnesses in the hearing on petition to probate, (2) the proof required before the court may admit evidence of decedent's or of the subscribing witnesses' handwriting, and (3) when depositions may be taken and used. Acts 1953, ch. 112, §§ 709, 710, 711, p. 295, §§ 7-109, 7-110, 7-111, Burns' 1953 Replacement.

Finally the Probate Code summarizes the two vital findings required for probate of will as:

"(a) When a will is offered for probate, if the court or the judge or the clerk in vacation *finds that the decedent is dead* and *that the will was executed in all respects according to law,* it shall be admitted to probate as the last will of the deceased, unless objections are filed as provided in section 716 [§ 7-116]." (Our emphasis). Acts 1953, ch. 112, § 713, p. 295. § 7-113, Burns' 1953 Replacement.

We find no statement in the Code that the original document purporting to be the will must be produced at the hearing on petition to probate. Not only does the Code not contain such specific requirement, but as we have seen in Section 704 (Burns' § 7-104), *supra,* the legislature contemplated that the document may not be in petitioner's possession, and that it might even be "without the state. . . ." This legislative use of words clearly leaves it to the judiciary to determine what kind of evidence may be required. Until probate practically no legal rights are established by the paper purporting to be a will. Acts 1953, ch. 112, §§ 714-724, p. 295, §§ 7-115, 7-124, Burns' 1953 Replacement. *Crowell* v. *Himes* (1946), 117 Ind. App. 56, 66, 69 N. E. 2d 135; *Moll et al.* v. *Goedeke et al.* (1939), 107 Ind. App. 446, 456, 25 N. E. 2d 258.

Therefore, this instrument, which because it has been probated becomes the effective will of the testator, is prior

to probate merely evidence of the existence of a will. Such fact can also be established without requiring the original document to be present in court.

". . . [T]he paper writing is but a symbol of the underlying reality." 95 C. J. S., *Wills*, § 308, p. 108.

Appellant, in insisting that the original instrument must be presented to the court before any will can be probated, calls attention to the case of *Miller* v. *Coulter*, (1900), 156 Ind. 290, 292, 299, 59 N. E. 853. This decision predates our Probate Code and we have been directed to no comparable statute of that period of time which permitted petitioner to probate an instrument which was not in his possession and was, in fact, "without the state." This argument merely bears out that the law does change with the times. A picture of a will was probably unknown to practitioners in 1900. Modern facilities for reproduction of documents has likely aided in bringing about legislative sanction to the probate of a will even where the original paper is outside of the state.

An identical copy of a will has been considered of equal dignity with the original in other jurisdictions and in cases where the strong statutory language existing in Indiana does not appear present. 57 Am. Jur., *Wills*, § 24, p. 55 (1966 Supp.) Anno: 81 A. L. R. 2d 1120.

For probating of carbon copies see cases 95 C. J. S., *Wills*, § 313, p. 128.

Our court rules in other matters also reflect the changes in mode from the time of original longhand copies to today's photographic processes.

Rules 2-12 and 2-19, Rules of the Supreme Court.

We hold it to be unessential that the original of a written instrument purporting to be a will be presented to obtain probate jurisdiction. The Code sections mentioned lead us to the opinion that the petition to probate filed June 2, 1961, properly and completely invoked the juris-

diction of the Allen Superior Court (No. 2) of Indiana. Circuit courts in Indiana have exclusive jurisdiction over all probate matters except where otherwise provided by statute. Acts 1881 (Spec. Sess.), ch. 24, § 3, p. 102, § 4-303, Burns' 1946 Replacement.

However, in Allen County, exclusive jurisdiction in probate matters is expressly given to its Superior Court No. 2. ■ Acts 1927, ch. 63, § 3, p. 162, § 4-603, Burns' 1946 Replacement.

Also appellant urges that the trial court was without juridiction to entertain probate because the court's order does not show that "one or more of the subscribing ■ witnesses" proved the will as provided in Section 709, (Burns' § 7-109), *supra*. In fact appellant contends that the court order shows proof was not in accord with his interpretation of the statutory requirement. As we have heretofore indicated, the necessary parts of the court's order are set out verbatim in the early portion of this opinion. It is not essential that the court show in its order of probate who testified. It is only required to validate the will, that the order show two things, (1) that the testator is dead and (2) that the will was executed according to law. Section 713 (Burns' § 7-113), *supra*. The order of June 2, 1961 as set out in this opinion is sufficient to establish these two points.

If it were true that some unnecessary recital in the entry ordering probate was inconsistent with the requisite findings we would be required to ignore the former.

"As a broad, general rule, a ruling of the trial court will be upheld on appeal if it was correct for any reason, ■ though the court may have given an erroneous or insufficient reason for the same." 2 I. L. E., *Appeals*, § 472, p. 355.

Appellee has questioned whether appellant has seasonably acted to attack these proceedings. Although the order admitting the will of Inez Plummer to probate was made June

2, 1961, and various steps were instituted by appellant, *not until January* 31, 1964, was any objection to probate filed. On the subject of timely contesting the validity of a will or of resisting the probate thereof our Probate Code has again been carefully explicit.

"Any interested person may contest the validity of any will or resist the probate thereof, at any time within six [6] months after the same has been offered for probate. . . ." Acts 1953, ch. 112, §717, p. 295, §7-117, Burns' 1953 Replacement.

This provision (§ 717) is the only statutory means of questioning an order of probate under the present Code. Prior to this Code of 1953 infants and some others had additional time to raise such questions. The change limiting all to six months was intentional and valid reasons therefor existed. (See Probate Code Commission Comment following Section 7-117 Burns').

A will, after having been probated, cannot be collaterally attacked.

"An order of probate made by a court of competent jurisdiction is conclusive as to the form and regularity of the proceedings in probate. Such a decree cannot be attacked collaterally by showing that the will was admitted to probate upon insufficient, or incompetent evidence or by showing that the will was admitted to probate upon the evidence of only one subscribing witness. Even if the record shows that only one witness testified, the decree of probate is sufficient." 3 Bowe-Parker: *Page on Wills*, § 26.142, pp. 331, 332.

We find ourselves in agreement with the writer of 2 *Henry's Probate Law & Pract.*, ch. 24, § 24, p. 28, (6th Ed.) (1965 Supp.), who describes Section 717 (Burns' § 7-117), *supra,* as a "statute of repose." A court in finding as it is required to do under Section 713 (Burns' § 7-113), *supra,* that a will is duly executed, makes a judicial determination which can only be overthrown (in the absence of fraud or mistake and none is alleged here) by a will

contest filed within the period provided by statute. *Stein-kuehler* v. *Wempner* (1907), 169 Ind. 154, 158, 81 N. E. 482.

Our Supreme Court has recently recognized the judicial nature of the admission to probate and has denied a mandate to require a judge to probate a document where no objections thereto were pending. *State ex rel. Sellers* v. *Superior Court etc.* (1963), 244 Ind. 356, 362, 191 N. E. 2d 307.

Appellant waited two years and seven months to then file an objection to probate. No contest has yet been filed according to the record before us and appellant's statement.

Appellant asserts he did not want to "contest" the will of his mother. His statement is: "Admittedly, the record does not show any complaint to contest or resist the probate of the will of Inez V. Plummer filed either within or without the six months statute of limitations."

After a will has been probated in Indiana and thus is judicially declared to be duly executed, only a will contest can present any question of the validity of the instrument or of its execution. Such contests are purely statutory; they can only be brought within the time and upon the grounds prescribed by statute. *State ex rel. Brosman* v. *Whitley Cir. Ct.* (1963), 245 Ind. 259, 262, 198 N. E. 2d 3; *Harris et al.* v. *Harris et al.* (1878), 61 Ind. 117, 123.

Statutory will contests in this state are all encompassing. They include actions to set aside a will and probate on the ground that the will has been revoked. And, they also include a suit after probate, praying that probate be annulled and that a later will be admitted. *The Evansville, etc., Co. et al.* v. *Winsor, by Next Friend* (1897), 148 Ind. 682, 685, 686, 48 N. E. 592; *Burns, Executor, et al.* v. *Travis et al.* (1888), 117 Ind. 44, 48, 18 N. E. 45.

Even a proceeding to substitute a will not probated for one already probated is a statutory will contest in this state,

and must be commenced within the time prescribed for contest. *Bartlett et al.* v. *Manor et al.* (1896), 146 Ind. 621, 626, 45 N. E. 1060.

It has been said of a will contest:

"As used generally, the term is broad enough to include resistance to the probate of a will and an action or proceeding to set aside the probate of a will." 57 Am. Jur., *Wills*, § 743, p. 510.

We accordingly find and hold that the trial court had jurisdiction to probate the will of Inez Plummer. It exercised that power and such action was not in excess of the court's jurisdiction. Its action became final before any proper attack was commenced.

Questions relating to the appointment of the personal representative, the depositions and other evidence rulings are rendered moot by reason of the foregoing and are hereby held not to constitute reversible error.

The judgment is in all things affirmed.

Carson and Prime, JJ. concur.

Faulconer, J. dissents.

NOTE.—Reported in 219 N. E. 2d 917.