Burdiene **MODLIN**, Appellant
(Plaintiff Below),

v.

Geneva H. **RIGGLE**, Ronald A. Edwards, Tri-County Bank and Trust, Roachdale, Indiana, Appellees (Defendants Below).

No. 1–679A187.

Court of Appeals of Indiana, First District.

Jan. 28, 1980.

Rehearing Denied March 3, 1980.

Larry J. Wilson, Greencastle, for appellant.

David A. Ault, Wernle, Ristine & Ayers, Crawfordsville, for appellees.

ROBERTSON, Presiding Judge.

Plaintiff-appellant Burdiene Modlin (Modlin) brings this appeal from an order dismissing her amended complaint in an action to set aside the probate of the will of her father, Walter Riggle, in which she was a beneficiary. Named as defendants in the action were the executor, Tri-County Bank and Trust Company (Bank), and the other beneficiaries under the will, Geneva Riggle and Ronald A. Edwards.

Modlin raises two issues on appeal, neither of which constitute reversible error. We accordingly affirm.

Initially, Modlin contends that the will was improperly admitted to probate. In support of this contention, she argues that in the absence of an attestation clause or self-proving provision on the face of the purported will, its execution may not be properly proved without the testimony of at least one of the subscribing witnesses. Since both witnesses were deceased at the time the will was offered for probate, the required testimony was impossible, and therefore, Modlin concludes, the will was admitted without proper proof of its due execution. Modlin also questions the competence of the trust officer of the executor Bank to report to the trial court, without his personal knowledge thereof, the fact of the witnesses' deaths, and the trial court's finding as to the genuineness of Walter Riggle's signature.

Secondly, relying upon *Estate of Cameron v. Kuster*, (1968) 142 Ind.App. 645, 236 N.E.2d 626, Mrs. Modlin argues that collateral attack of the judgment admitting the will to probate is permissible after the statutory time limit for will contests has expired when the instrument contains on its face a defect clearly showing its nontestamentary character. She urges that the absence of an attestation clause or self-proving provision, when the subscribing witnesses are unavailable to testify as to the manner of the will's execution, is such a defect.

The only issue appropriate for our consideration is whether a will signed by the testator and subscribed by two witnesses, but lacking an attestation clause or self-proving provision, is so patently defective as to fall within the doctrine established in *Estate of Cameron v. Kuster, supra,* allowing the collateral attack of a judgment admitting a will to probate. We do not feel that the fact of the subscribing witnesses' unavailability to testify is relevant to the issue, nor do we find it necessary to review actions of the lower court in admitting the will to probate.

The testator, Walter Riggle, died September 19, 1977. His will was admitted to probate on September 23, 1977. The instrument was signed in this manner:

Signed /s/ <u>Walter Riggle</u>

Witnessed By, /s/ <u>Katherine Piper</u>

/s/ <u>Mr. Ed Cox</u>

No attestation clause was included in the instrument.

The will was admitted to probate upon the filing of a proof of will, in affidavit form, signed by the trust officer of the executor Bank. Therein the officer averred that the two subscribing witnesses were deceased, and that the signature of the testator was genuine.

Modlin filed her complaint to set aside probate of the will on March 17, 1978, alleging unsoundness of mind, undue influence, undue execution, and fraud and deceit in the procurement.

Thereafter, the executor Bank and the beneficiaries, Geneva Riggle and Ronald Edwards, filed separate motions to dismiss the complaint on grounds that it was not filed within the five-month statutory period provided for will contests. In response, Mrs. Modlin filed an amended complaint to set aside probate, alleging that the will was not duly executed in all respects according to law, was not duly proved, and therefore could not properly have been admitted to probate.

Again, the executor moved to dismiss based on the statute of limitations. On January 16, 1979, the trial court issued a judgment dismissing the action, declaring that, as Modlin failed to commence her action within the statutory period, the court was without jurisdiction over the cause.

■ After a will has been probated in Indiana and thus is judicially declared to be duly executed, only a will contest can present any question of the validity of the instrument or of its execution. *In Re Estate of Plummer*, (1966) 141 Ind.App. 142, 219 N.E.2d 917. A proceeding to contest a will is a statutory action; that is, it can only be brought and successfully maintained in the court, within the time and upon the grounds prescribed by the statute. *Evansville Ice and Cold Storage Co. v. Winsor*, (1897) 148 Ind. 682, 48 N.E. 592; *Brown v. Gardner*, (1974) 159 Ind.App. 586, 308 N.E.2d 424. In a will contest, compliance with the time limit prescribed by the statute is jurisdictional. *Squarcy v. Van Horne*, (1975) 163 Ind.App. 64, 321 N.E.2d 858.

*Ind.Code* 29-1-7-17 states:

Any interested person may contest the validity of any will or resist the probate thereof, at any time within five (5) months after the same has been offered for probate, by filing in the court having jurisdiction of the probate of the decedent's will his allegations in writing verified by affidavit, setting forth the unsoundness of mind of the testator, the undue execution of the will, that the same was executed under duress, or was obtained by fraud, or any other valid objection to its validity or the probate thereof; and the executor and all other persons beneficially interested therein shall be made defendants thereto.

■ While the record does not disclose the date upon which the instrument was *offered* for probate, it does disclose that it was admitted on September 23, 1977. We may assume that the will was offered on or before that date. Consequently, the five-month period expired on or before February 24, 1978. Ind. Rules of Procedure, Trial Rule 6. As Mrs. Modlin filed her action on March 17, 1978, she was clearly without the five-month period allowed by the above statute.

In *In Re Estate of Plummer, supra*, this court stated that a will, having been probated, cannot be collaterally attacked. We cited with approval the following passage:

An order of probate made by a court of competent jurisdiction is conclusive as to the form and regularity of the proceedings in probate. Such a decree cannot be attacked collaterally by showing that the will was admitted to probate upon insufficient, or incompetent evidence or by showing that the will was admitted to

probate upon the evidence of only one subscribing witness. Even if the record shows that only one witness testified the decree of probate is sufficient.

141 Ind.App. at 151, 219 N.E.2d at 922.

■ Two exceptions are, however, recognized to the general rule prohibiting the collateral attack of a judgment of probate. In *Fort v. White,* (1913) 54 Ind.App. 210, 101 N.E. 27, a late contest to a will was allowed where the plaintiff averred that she had been induced to refrain from a timely filing by the fraudulent misrepresentations of the defendants. The fraudulent conduct, however, must be the efficient cause of the plaintiff's failure to timely commence the action. *Brown v. Gardner, supra.* No such fraud is alleged in the present action.

Mrs. Modlin would avail herself of the second exception, established in *Estate of Cameron v. Kuster, supra.* In *Cameron,* two years after the will was probated, the trial court issued a nunc pro tunc order admitting into probate a codicil that was unsigned by the testator and unattested by witnesses. The appellate court ruled that the trial court exceeded its jurisdiction in admitting to probate an instrument that was *on its face* clearly violative of our Probate Code. *See also Wilkinson v. Ritzmann,* (1973) 158 Ind.App. 186, 301 N.E.2d 847.

We now consider whether the alleged defects on the face of Walter Riggle's will, namely the absence of an attestation clause or self-proving provision, are so apparently violative of our Probate Code as to render the admission of the instrument to probate a nullity.

■ A full and detailed attestation clause is not necessary under Indiana statutes or cases. *Herbert v. Berrier,* (1881) 81 Ind. 1; *Olerick v. Ross,* (1896) 146 Ind. 282, 45 N.E. 192; *Barricklow v. Stewart,* (1904) 163 Ind. 438, 72 N.E. 128. In *Brown v. Gardner, supra,* Judge Garrard stated that the will there under consideration "was regular on its face, signed by the testatrix and subscribed by two witnesses." 159 Ind.App. at 590, 308 N.E.2d at 428.

■ The current Probate Code, like its predecessors, provides an elaborate statutory mechanism for the probate of testamentary instruments. It nowhere requires the inclusion of a clause in a will attesting that the act of execution was in compliance with the statutory requirements. Indeed, IC 29–1–7–9 provides:

Before a written will shall be admitted to probate such will shall be proved by one [1] or more of the subscribing witnesses, or if all of them be dead, out of the state or have become incompetent for any reason since attesting such will, then such will shall be admitted to probate upon proof of the handwriting of the testator or of two [2] of the subscribing witnesses thereto. [emphasis supplied].

Further, IC 29–1–7–10 states:

If none of the subscribing witnesses to a will can be found, or if all be dead, absent from the state or incompetent, one [1] or more of said situations shall be proved to the satisfaction of the court before evidence of the handwriting of the testator or of the subscribing witnesses provided for in section 709 [29–1–7–9] shall be admitted in evidence.

Thus, the legislature has provided a scheme for the probate of wills without the necessity, in certain cases, of the testimony of a subscribing witness as to the manner in which a will was executed. The statute further authorizes a self-proving provision (IC 29–1–5–3(b)) but does not prescribe it. We note from the record that the trial judge followed the statutory criteria applicable to the situation before him, although it is not within our province to review his actions in so doing, in the absence of a proper will contest having taken place.

We therefore hold that Walter Riggle's will, signed by him and subscribed by two witnesses, contains no statutory irregularities on its face, and the trial court did not exceed its jurisdiction in admitting the will to probate.

Judgment affirmed.

NEAL and RATLIFF, JJ., concur.