### No. 7943.

### Pence et al. *v.* Makepeace.

DECEDENTS' ESTATES.—*Action on Administrator's Bond to Recover Unpaid Judgment.*—An action may be maintained on an administrator's bond to recover the amount of a judgment against the estate of his intestate, the estate being solvent, the judgment the only unpaid claim, and the administrator always having money in his hands to pay it.

SAME.—*Answer.—Set-Off.—Note of Plaintiff.*—In such case, an answer that the judgment plaintiff owes on a note to the intestate a larger amount, upon which he refuses to credit the amount of his judgment, is insufficient as an answer of set-off, or for any other purpose.

SAME.—*Answer of Uncollected Claims.*—In such case, an answer, that the estate is unsettled, has a large amount of claims uncollected, is solvent, and will be able to pay all claims against it, when the assets are fully realized upon, contains no defence.

SAME.—*Evidence.—Order Book.—Admissions of Administrator.*—On trial of such action, the plaintiff's judgment may be read in evidence from

the order book, and where, besides it, there was the parol admission of the administrator that "there is enough money in my hands to pay this claim, independent of all other claims," the evidence fully sustained the finding for the plaintiff, and the finding was not contrary to law.

DEMAND.—*Pleading.—Complaint.—Decedents' Estates.—Duty of Administrator to Pay Judgment.*—The order in a judgment allowing a claim against a decedent's estate is sufficient to make it the duty of the administrator to pay it without a specific demand, if he has money in his hands, and no demand is necessary before bringing a suit on his bond to recover the amount.

From the Madison Circuit Court.

*J. A. Harrison* and *E. P. Schlater*, for appellants.
*M. S. Robinson* and *J. W. Lovett*, for appellee.

FRANKLIN, C.—On the 3d day of January, 1874, appellee recovered a judgment in the Madison County Circuit Court for $342.46, against a former administrator of Allen Makepeace, deceased. On the 13th day of March, 1876, appellant John W. Pence was appointed administrator *de bonis non* of said estate, the former administrator thereof having resigned; and that said Pence, as principal, and John E. Corwin, Edgar Henderson and Nancy Makepeace, as his sureties, executed and filed in said court an administration bond in the sum of $70,000 ; that this suit was commenced on said bond the 10th day of March, 1879.

The complaint is in the usual form upon an administrator's bond, and alleges that Nancy Makepeace had deceased before the bringing of the suit, and that there was no executor or administrator of her estate, but appellants John E. Corwin and Alvira J. Corwin were trustees, charged with the management and control of the estate, real and personal, of which she died seized. No question is made as to the capacity in which the trustees are sued. The alleged breach of the bond is the refusal and failure to pay appellee's judgment, the complaint averring that the estate was solvent, and that the administrator had had in his hands, all the time

from his appointment to the bringing of this suit, sufficient money to pay appellee's judgment, it being the only unpaid claim against said estate.

Appellants demurred to complaint; demurrer overruled; answer in four paragraphs filed; demurrers by appellee to third and fourth paragraphs of answer; demurrers sustained; issues formed; trial by court; finding for appellee; motion for new trial overruled. To all of which rulings exceptions were properly taken, and judgment was given for appellee for $450.29.

Appellants have assigned, in this court, for errors:

1st. The overruling of the demurrer to the complaint;

2d. Sustaining the demurrer to the third paragraph of answer;

3d. Sustaining demurrer to fourth paragraph of answer;

4th. Overruling motion for a new trial.

The objections urged against the complaint are, that it contains no averment of a specific demand for payment, and that a general demand, refusal and neglect to pay, do not constitute a sufficient breach of the bond; that, in order to constitute a good breach, the complaint should show a failure to comply with some specific order of the court to pay the money.

Under section 108, 2 R. S. 1876, p. 534, when the estate was clearly solvent, it was the duty of the administrator to pay the debts against the estate, in the order provided for in the succeeding section, as fast as the money of the estate came into his hands. And "in cases where it is the duty of a party, by contract or otherwise, to remit or apply money in his hands without a demand, no demand is necessary before suit." *Catterlin* v. *Somerville*, 22 Ind. 482; *Walrath* v. *Thompson*, 6 Hill, 540; *Stacy* v. *Graham*, 14 N. Y. 492.

The cases of *Jones* v. *Gregg*, 17 Ind. 84.; *Bougher* v. *Scobey*, 23 Ind. 583 and *Heddens* v. *Younglove, Massey &*

*Co.*, 46 Ind. 212, are in relation to agencies, and not applicable to this case. The cases referred to, of *Voris* v. *The State, ex rel.*, 47 Ind. 345, and *Shook* v. *The State, ex rel.*, 53 Ind. 403, we think, are against, instead of being in favor of, appellants' objection. It was the duty of the administrator to pay appellee's judgment when he had the money in his hands, instead of paying it out on the distributive shares of the heirs, and it was a breach of his duty not to do so. The judgment contained a specific order of the court for him to pay it. We think no demand was necessary before bringing suit in this case, and that the complaint alleged a sufficient breach of the bond. There was no error in overruling the demurrer to the complaint.

The third and fourth paragraphs of the answer read as follows:

"3d. And for further answer said defendants say that said alleged claim of the plaintiff is not a judgment of the court constituting any lien on decedent's estate, but an allowance made by the court, for a debt owing by decedent at his death to, and filed by, plaintiff against said estate, for a demand having no priority over any other demands, but that said debt is in the class of general debts, and not otherwise. That, in fact, said estate was not then liable to pay said demand to plaintiff then or ever since, because said plaintiff was indebted to defendant in a much larger sum, to wit, $716, on a note, which he, the plaintiff, failed and refused to pay and never has paid, nor would plaintiff permit it to be credited on his note, though often requested by said administrator, and, if he would have done so, his demand would have been more than paid, and should have been surrendered." This is entirely insufficient as an answer of set-off, or for any other purpose.

"4th. And further answering said defendants say that the estate of Allen Makepeace, deceased, is still pending in this court, and is an unsettled estate. That there are a large

amount of claims due said estate, which remain uncollected and are in process of collection, and that said estate is fully solvent, and will be able to pay off and discharge all of the claims existing against it, when the assets of the same are fully realized upon. Wherefore plaintiff is not entitled to recover on said bond as prayed for.''

We do not know what to call this paragraph, and can not imagine any effect to be given to it in this suit. We see no error in sustaining the demurrers to the third and fourth paragraphs of the answer.

The last complained of as error was the overruling of the motion for a new trial.

The reasons assigned in the motion were:

1st. The finding was contrary to law;

2d. The finding was not sustained by the evidence;

3d. Overruling demurrer to complaint;

4th. Sustaining demurrer to 3d paragraph of answer;

5th. Sustaining demurrer to 4th paragraph of answer;

6th. In admitting testimony over defendants' objection.

The testimony objected to was the reading in evidence, from the order book of that court, appellee's judgment. This was competent and entirely proper, in order to establish the amount of appellee's claim. The rulings upon the demurrers were not causes for a new trial.

After the giving of the bond in evidence, the appellant Pence was the only witness examined, and that gave any parol testimony. He testified that about a year before that he had sold a note and mortgage on Allen L. Makepeace to the bank for about $800, and before that he had sold other notes to the bank for over $3,225; that he had had on hands, in money belonging to the estate, ever since he was administrator, between $800 and $900, and had that much at that time.

The following question was asked by the court: ''Are you claiming that there is not the necessary amount in your hands to pay the debts off?''

Ans. "I claim there is ; I am admitting that ; I admit there is enough money in my hands to pay this claim, independent of all other claims."

The foregoing is substantially all the testimony given in the case. The evidence fully sustains the finding of the court, and therefore the finding is not contrary to law.

We might be permitted to remark here, that while the parties may have had a controversy over crediting appellee's judgment upon a note held by the administrator, yet after the administrator had sold the note, and got the money for it, he ought to have paid the judgment, to enable appellee to pay a like amount upon the note in the hands of the assignee, and his failure to do so was a full justification for the bringing of this action. We think substantial justice has been done in this case, and a new trial should not be granted.

The judgment ought to be affirmed, with damages.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and it is hereby, in all things affirmed, with ten per cent. damages and with costs.