The State, *ex rel.* Wright, Administrator, *v.* Brown *et al.*

---

No. 9127.

## THE STATE, EX REL. WRIGHT, ADMINISTRATOR, *v.* BROWN ET AL.

DECEDENTS' ESTATES.—*Payment of Judgment Liens.—General Debts.—Action on Administrator's Bond.*—If an administrator pay on general debts money that should be paid on judgments which are liens upon the decedent's lands, and thus become unable to pay the judgments, he and his sureties become liable on his bond to the holders of the judgments.

The State, *ex rel.* Wright, Administrator, *v.* Brown *et al.*

PRACTICE.—*Pleading.*—*Amendment.*—*Demurrer.*--If a complaint be amended and filed without authority, the irregularity is not reached by demurrer, but a motion to reject it is the proper remedy, and, under "leave to amend the complaint herein," a plaintiff may change the existing paragraphs and add new ones.

SAME.—*Exhibits.*—Where several paragraphs of a pleading refer to the same written instrument as the foundation of each, one copy of it is sufficient for all.

From the Harrison Circuit Court.

*W. T. Jones* and *L. Jordan*, for appellant.

*W. N. Tracewell* and *R. J. Tracewell*, for appellees.

BICKNELL, C. C.—Robert Brown, as administrator of Goldsmith Brown, had two judgments against Thompson Brown, who owned land upon which these judgments were liens. Robert Brown resigned, and Samuel J. Wright was appointed in his place as administrator *de bonis non*. Thompson Brown died, owning said land, leaving the said judgments unpaid. His widow, Margaret Brown, became his administratrix, and as such received some personal property of her decedent, but not enough to pay his debts. She obtained an order to sell said land to make assets, and sold the same, and received $711, the proceeds of the sale. Instead of applying said money in payment of said judgments, she applied $399.50 of it upon her own claim for $500 as the widow of her decedent, and used nearly all the remainder in paying claims against her decedent's estate, of inferior degree to said judgments, and left the judgments entirely unpaid. Wright, as administrator *de bonis non* of Goldsmith Brown, then brought this suit against Margaret Brown and her sureties, upon her administration bond.

The complaint was in two paragraphs; demurrers to each of them, for want of sufficient facts, were sustained; judgment was rendered for the defendants upon the demurrers, and Wright appealed.

He assigned three errors, but his counsel, in their brief, discuss only one of them; the other two are, therefore, regarded as waived.

The error relied on is as follows: "The court erred in sustaining the demurrer to the second paragraph of the complaint."

The second paragraph alleges the foregoing facts, and the execution of the bond by the appellees, and says: "A copy of which said bond is on file with the first paragraph of this complaint as exhibit 'A,' and the same is by reference made part hereof." This paragraph also states that there were no other liens against any of said land, and alleges five breaches, to wit:

1. Failure to apply said money upon said judgments, although often requested so to do.

2. The same, describing the judgments more particularly.

3. The same, stating that said judgments are the only liens on said land.

4. Failure to apply said money to the payment of judgment debts, liens on said land.

5. Failure to pay said judgments, and use of said money in payment of claims, not liens on said lands; specifying such claims to the amount of $612, including $399.50 taken by the administratrix on account of the $500 to which she was entitled as widow, which payments left her without money enough to pay said judgments.

It was the duty of the administratrix to pay said judgments before paying general debts. Decedents' Act, section 109, 2 R. S. 1876, p. 534. An administrator may be sued on his bond by any creditor of the estate, for any violation of the duties of his trust, and the measure of damages shall be the injury sustained by any person interested therein. Decedents' Act, section 163, 2 R. S. 1876, p. 551.

If this administratrix paid, on general debts, the money that should have been paid on the judgments held by the appellant, and thus became unable to pay the judgments, she and her sureties thereby became liable to the appellant on her bond.

The appellees make an argument upon the amendment. If the amended complaint was filed without authority, the proper

remedy was a motion to reject it. Such an irregularity is not reached by demurrer; but there was nothing wrong in the amendments; the plaintiff had leave to amend the complaint and did amend it by interlineation; parts of that amended complaint were stricken out, and the plaintiff again "had leave to amend the complaint herein;" under such a general leave to amend a complaint, the plaintiff may change the existing paragraphs or add new ones, or he may do both; in this case he did both, and the first paragraph as amended and the second paragraph were properly in the record. After this last amendment, the complaint consisted of the first paragraph as amended and the second paragraph. To each of these the defendants demurred for want of facts sufficient, etc.

The appellees are mistaken in supposing that the first paragraph as amended is not part of the record, and they are also mistaken in asserting that no copy of the bond sued on was filed with the second paragraph; a copy of the bond was filed with the first paragraph as amended, and was therein properly referred to as "Exhibit A." The second paragraph made a reference to that exhibit in the language hereinbefore set forth; this was sufficient. In *Sidener* v. *Davis*, 69 Ind. 336, this court said, on page 341: "We have often decided that, where several paragraphs of a complaint * * refer to the same written instrument as the foundation of each, one copy of it is sufficient for all the paragraphs of the complaint."

The complaint contained a good cause of action; the appellant was not bound to enforce his lien against the real estate, nor to wait until the removal or final settlement of the administratrix, nor to file his judgments as claims against the decedent's estate, nor to consider whether the decedent's estate was probably solvent or not. It was the duty of the administratrix to apply the assets to the payment of the judgments before paying the general debts. *Pence* v. *Makepeace*, 75 Ind. 480.

The court below erred in sustaining the demurrer to the second paragraph of the complaint; the judgment of the court below ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and the same is hereby in all things reversed, at the costs of the appellees, and this cause is remanded, with instructions to the court below to overrule the demurrer to the second paragraph of the complaint.