Filed Nov. 19, 1889.

No. 13,823.

## LEDBETTER ET AL. *v.* DAVIS ET AL.

PLEADING.— *Written Instrument.—Filing of Copy.*—Where a complaint alleges the execution of a written lease, the filing of a copy properly designated, which copy is set forth in the record, is sufficient.

SAME.—*Exhibit.—Separate Paragraphs of Complaint.*—Where a written instrument is filed as an exhibit to one paragraph of a complaint, and appropriately designated, it need not be set out with each paragraph, for one exhibit is sufficient for all the paragraphs of a pleading.

FRAUD.—*False Statements as to Quantity of Land.—Reliance Upon.*—Where false statements as to the quantity of land are made for a fraudulent purpose, the plaintiff who relies upon them will not be denied a re-

covery because he acted upon the representations without measuring the land.

From the Grant Circuit Court.

*G. W. Harvey, H. J. Paulus* and *S. Moore,* for appellants. *J. L. Custer,* for appellees.

ELLIOTT, C. J.—The appellants insist that a written lease is the foundation of the complaint, and that as it is not incorporated in the pleading or filed as an exhibit, the complaint is bad. The appellants are in error in asserting that the instrument is not filed and referred to in the pleading. It is averred that a written lease was executed, that a copy of it is filed marked exhibit "A," and a copy thus designated is set forth in the record. This is sufficient. *Straughan* v. *Fairchild,* 80 Ind. 598 ; *Whitworth* v. *Malcomb,* 82 Ind. 454 ; *Northwestern, etc., Co.* v. *Hazelett,* 105 Ind. 212.

Where a written instrument is filed as an exhibit to one paragraph of a complaint, and appropriately designated, it need not be set out with each paragraph, for one exhibit is sufficient for all the paragraphs of a pleading. *State, ex rel.,* v. *Brown,* 80 Ind. 425 ; *Scotten* v. *Randolph,* 96 Ind. 581 ; *Hochstedler* v. *Hochstedler,* 108 Ind. 506.

It is argued that the appellees can not recover damages caused by their reliance upon the untruthful statements of the appellants, for the reason that by measurement they could have ascertained the truth. There is no merit in this contention. Where false statements as to the quantity of land are made for a fraudulent purpose, the plaintiff who relies upon them will not be denied a recovery because he acted upon the representations without measuring the land. *West* v. *Wright,* 98 Ind. 335 ; *Dodge* v. *Pope,* 93 Ind. 480 ; *Jones* v. *Hathaway,* 77 Ind. 14 ; *Campbell* v. *Frankem,* 65 Ind. 591.

The evidence is not in the record and we can not consider the question whether the damages were excessive.

Judgment affirmed.

Filed Nov. 20, 1889.