BROTHERHOOD OF RAILROAD TRAINMEN *v.* VIRDEN

[No. 27,318.   Filed January 8, 1940.]

*Stuart, De Vol, Branigan & Ball,* for appellant.

*Harry P. Schultz,* for appellee.

SHAKE, C. J.—It was alleged in the second amended complaint, upon which this cause was tried, that in 1932 the appellee's decedent, Sam Virden, became a member of Tecumseh Lodge No. 402, Brotherhood of Railroad Trainmen, a voluntary unincorporated fraternal beneficiary association organized under the laws of New York; that by virtue of said membership and certain dues paid and to be paid, said decedent became the holder of an individual reserve certificate of insurance, by which said brotherhood obligated itself to pay to the appellee, who was the decedent's wife, the sum of $1,500 upon due proof of his death; that on April 1, 1934, said Virden was expelled from said local lodge for · nonpayment of dues; that the constitution and rules of the brotherhood (which were made a part of the certificate of insurance by reference) provide that within two calendar months after expulsion for non-payment of dues, a member may be reinstated by paying up the arrearages. Whether a medical examination is required rests in the discretion of the general secretary and

treasurer, who bases his conclusion upon the representations made in the application. It was further alleged that on April 10, 1934, Virden was suffering from a definite hydrocele; that on April 23rd of that year he underwent a surgical operation for said condition in a Chicago hospital; that on May 4th the appellee went to one L. A. Campbell, who was the collector-treasurer of said Lodge 402, and whose duty it was to collect and remit dues to the grand lodge, and paid him $4.44 as delinquent dues; that appellee at the same time executed for and on behalf of her husband an application for readmission, which, among other things, recited:

"In consideration of such readmission and the restoration of such rights, privileges and benefits of membership, (I) do hereby make the following declaration and agreement and warrant the same to be material, true, full and complete.

"I have not within three years last past * * * been treated for, or afflicted with any illness or disease * * * tending to impair my health or shorten my life * * *; that I am now in good health, and that I have never * * * undergone any surgical operation except as stated hereon.

"Applicant must state herein the full particulars concerning any illness or disease he has been treated for, or afflicted with, within the past three years. He must also fully describe any personal injury he has sustained or surgical operation he has undergone at any time and whether or not recovery has been full and complete.

"I have not been sick for three years.

"And I hereby expressly agree, in consideration of such readmission and restoration, that this application shall become a part of the contract of insurance between myself and the said Brotherhood of Railroad Trainmen, and that any false answer made herein or the concealment of or *ommision* to state herein any material fact in regard to my health or physical condition, shall be a breach of said agree-

ment and warranty, and shall render such contract of insurance absolutely null and void."

It was stated in said paragraph of complaint that the application for readmission was written by Campbell on a printed blank and that he knew at the time that said Sam Virden was suffering from a hydrocele and that he had been operated therefor in a Chicago hospital on April 23rd; that said application was accepted by the grand lodge within less than two months after the expulsion; that Virden died on May 14th; and that proof of death was filed with the brotherhood on or about May 21, 1934. There was no allegation in the complaint that the officers of the grand lodge who reinstated the policy had any information regarding the applicant's physical condition, or that he had recently been operated upon; nor does it appear that Campbell possessed any authority to bind the brotherhood in any respect or to any extent beyond the right to collect and remit dues.

A demurrer to the complaint was overruled and the defendant answered by general denial and affirmatively. The second paragraph of answer recited substantially the same facts as were stated in the second amended complaint, and, in addition, that the defendant relied upon the representations contained in the application for the reinstatement of the policy; that when it discovered the falsity of the representations it elected to rescind the contract of insurance and tendered back to the beneficiary the premiums paid for the reinstatement; and that when the tender was refused, the proceeds were paid into court.

There was a jury trial, which resulted in a verdict for the appellee for the principal sum of the policy. The errors presented are, that the trial court erred in overruling the demurrer to the second amended com-

plaint and in denying the motion for a new trial, which assigned that the verdict was contrary to law and not sustained by sufficient evidence and that there was error in the giving of certain instructions.

The evidence established the allegations of the pleadings, the only substantial conflict relating to whether Campbell, the collector-treasurer of the local lodge, had knowledge of the fact that Virden had been ill and operated upon when the application for reinstatement was made and signed. Campbell denied that he had such information and stated that the decedent's wife told him that Virden had not been ill or treated by a physician since the policy lapsed. On the other hand, Mrs. Virden testified that before the application was prepared by Campbell, she told him that her husband had had an operation in a Chicago hospital, and that she signed her husband's name to the instrument without knowledge of its contents.

It is apparent from an examination of the second amended complaint that the pleader undertook to allege more than is required to state a cause of action on a policy of life insurance. There was undoubtedly an attempt to anticipate the defenses that might be interposed and to plead around them. The rule is that when a plaintiff sets out an anticipated defense in his complaint, the pleading will be held bad unless he goes further and shows other facts sufficient to avoid or defeat such anticipated defense. 1 Watson's Works Practice, § 416, p. 296, and cases cited in footnote 90.

The allegations of the complaint are sufficient to charge fraud on the part of the insured. The representations that decedent had not been ill for three years and had never undergone a surgical operation were admittedly false, and we think

that it may be said, as a matter of law, that these were material to the risk. It is no answer to assert that the insured's wife, who acted for him in executing the application, did not read it and was unacquainted with its contents. An unqualified statement that a fact exists or does not exist, made for the purpose of inducing another to act, implies that the person who makes such statement is acquainted with the facts; and, if action is induced by such false representations, the law will impute to him who makes them a fraudulent purpose. *Metropolitan Life Ins. Co.* v. *Becraft* (1938), 213 Ind. 378, 12 N. E. (2d) 952, 115 A. L. R. 93. However, fraud in the inducement of a contract does not render it void, but merely voidable, and one who seeks to rescind for fraud must ordinarily pay or tender back the benefits received. If the second amended complaint had gone far enough to show a rescission by the insurer, it would have disclosed every essential element necessary to a complete defense, but since this was not made to appear, we think the demurrer was correctly overruled.

Appellee lays stress upon the proposition that in writing and accepting the application for the reinstatement of the policy, and in receiving the delinquent dues, Campbell was acting as agent of the insurer. She attempts to invoke the rule that knowledge on the part of an agent is notice to the principal, and says that since there was some evidence that she told Campbell that the decedent had undergone a surgical operation, the judgment should not be disturbed. We can not agree with that conclusion. If the wife did not disclose the true facts when she executed the application, she practiced a fraud on the insurer by means of concealment, for and by which her husband was bound. If she did tell Campbell the truth, and he falsified the application which she thereafter signed, it

would be equally fatal to her right to recover. *Metropolitan Life Insurance Co.* v. *Alterovitz* (1938), 214 Ind. 186, 14 N. E. (2d) 570, 117 A. L. R. 770. Knowledge upon the part of Campbell could not be imputed to the brotherhood if he was acting in collusion with Virden, or his wife, as his agent, in concealing the material facts. *Rushville Natl. Bank, Tr.* v. *State Life Ins. Co.* (1936), 210 Ind. 492, 1 N. E. (2d) 445. Upon either hypothesis, the verdict on which the judgment rests is contrary to law and it is not sustained by the evidence. It is therefore unnecessary to notice the other alleged errors.

Judgment reversed, with directions to sustain the motion for a new trial.