Beverly J. CARRELL, Robert E. Ellingwood, Ilene Hedrick, Rita Jones, Loyd A. Ellingwood and Barbara S. Ellingwood, Plaintiffs-Appellants,

v.

Don E. ELLINGWOOD, Henraetta I. Hudson and Harry Eugene Ellingwood, Defendants-Appellees.

No. 1–1080A300.

Court of Appeals of Indiana, First District.

July 21, 1981.

Rehearing Denied Sept. 3, 1981.

William K. Bennett, Bennett, Boehning, Poynter & Clary, Lafayette, for plaintiffs-appellants.

James R. Earnshaw, Harding & Henthorn, Crawfordsville, for defendants-appellees.

NEAL, Presiding Judge.

Plaintiffs-appellants Beverly J. Carrell, Robert E. Ellingwood, Ilene Hedrick, Rita Jones, Loyd A. Ellingwood, and Barbara S. Ellingwood (Grandchildren), all grandchildren of Edna A. Ellingwood, deceased (Decedent), instituted an action to contest the will of Decedent in the Montgomery Circuit Court. From a judgment dismissing the action because it was filed beyond the statutory five months limitation, they appeal. We reverse.

## STATEMENT OF THE FACTS

The record discloses that Edna A. Ellingwood died testate on August 4, 1979, and her Last Will and Testament was thereafter offered and admitted to probate in the Montgomery Circuit Court on August 8, 1979. The defendants-appellees, Don E. Ellingwood, Henraetta I. Hudson, and Harry Eugene Ellingwood (Children), are the only surviving children of Decedent, and all were appointed joint personal representatives of the estate. The Grandchildren are all children of a predeceased son of Decedent.

A complaint to contest the Will was filed by Grandchildren on January 11, 1980, and showed on its face the date of probate. Children filed their unverified motion to dismiss under Ind.Rules of Procedure, Trial Rule 12(B)(6) on January 24, 1980, for failure to state a claim upon which relief could be granted, specifying that the complaint had not been filed within five months after the Will had been offered for probate as required by Ind.Code 29-1-7-17. Objections to the motion to dismiss were filed by Grandchildren on February 11, 1980, which objections were accompanied by the affidavit of William K. Bennett, the attorney for Grandchildren.

The affidavit recited in substance the following: Bennett had been retained on September 20, 1979, by Grandchildren to contest the Will or to effect a settlement. He was without actual knowledge of the date the Will was offered for probate, but understood from his clients that it was sometime during the month of September. This belief was transmitted to Carl Henthorn, attorney for Children, on several occasions prior to and including January 4, 1980. Settlement negotiations proceeded throughout the fall of 1979, and the respective lawyers prepared a settlement proposal which had been accepted in principle by Grandchildren. Bennett was absent from his office from December 20, 1979, until January 2, 1980, due to health problems. On his return, on January 4, 1980, he called Henthorn and told him that time was running short and he needed an answer to the settlement proposal. Henthorn replied that he (Bennett) had plenty of time to file his action because the Will was probated in November. Bennett told him that he understood the Will to have been probated in September. Henthorn then said he would get back to him by January 11. On January 11, Henthorn called Bennett and told him that the children would not settle. Bennett stated that he would file his suit and Henthorn replied that the Will was probated on August 8, and the time had expired. Bennett stated that this was the first actual knowledge of the true date of the probate of the Will.

The parties made no request for hearing on the motion. On the same day it was filed, February 11, 1980, without any notice, hearing or further proceedings, the trial court entered the following judgment:

"Comes now the plaintiffs, by counsel, and file Objections to Defendants' Motion to Dismiss, and William K. Bennett, for plaintiffs, files Affidavit in Opposition to Motion to Dismiss Plaintiffs' Complaint, which read as follows: (H.I.) Court, having had under advisement defendant's motion to dismiss and plaintiff's objection thereto and affidavit in support thereof, now finds that the complaint was not filed within the five month period required by the statute; that any misrepresentation of defendant's attorney which may have occurred as suggested in the supporting affidavit of plaintiffs does not give rise to excuse or justification for such untimely filing in that defendants attorney had ample opportunity to fully inform itself as to all facts and circumstances surrounding the alleged will and its probate, and his failure to determine the critical date which determined the time within which suit must have been filed cannot be attributed to a last minute statement of opposing counsel; that the motion to dismiss should be granted and the cause dismissed with prejudice.

IT IS THEREFORE ORDERED ADJUDGED AND DECREED that this cause be and is hereby dismissed with prejudice, costs taxes against plaintiffs in the amount of $_____."

## ISSUES

Grandchildren present the following issues for resolution:

I. Whether the trial court erred in not scheduling a hearing on the motion of the Children and not treating the motion as one for summary judgment; and

II. Whether the trial court erred in granting the motion to dismiss in light of the facts set forth in the affidavit of William K. Bennett.

## DISCUSSION AND DECISION

*Issue I.*

Upon examination of the judgment it is clear that the trial court did not exclude the affidavit but, rather, considered the affidavit in reaching its decision. However, the judgment contains no statement that the trial court was treating the motion to dismiss under Ind.Rules of Procedure, Trial Rule 12(B)(6) as a motion for summary judgment under T.R. 56. Grandchildren assert that the trial court committed error in (1) not treating the motion as one for summary judgment, and (2) not holding a hearing on the motion.

By way of clarification of its treatment of the motion, the trial court stated in its ruling on the motion to correct errors that:

"The court further finds that no error was committed in granting the motion to dismiss under Trial Rule 12(B)(6) and Trial Rule 56(C) and the motion to correct errors should be denied."

Indiana Rules of Procedure, Trial Rule 12(B)(8) states in part:

"If, on a motion, asserting the defense number (6), to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion *shall* be treated as one for summary judgment and disposed of as provided in Rule 56. In such case, all parties *shall* be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." (Emphasis added.)

Insomuch as the date the Will was first offered for probate was stated in the complaint, a motion to dismiss under T.R. 12(B)(6) was an appropriate procedural device to raise the question of the limitations imposed by the statute. *Brown v. Gardner*, (1974) 159 Ind.App. 586, 308 N.E.2d 424. However, when the affidavit, constituting matters outside the pleadings, was presented, and not excluded, the court was required to treat the motion as one for summary judgment. T.R. 12(B)(8); *Domain Industries v. Universal Pool Supply*, (1980)

Ind.App., 403 N.E.2d 889; *Indiana & Michigan Electric Company v. City of Anderson*, (1978) Ind.App., 376 N.E.2d 114; *Middelkamp v. Hanewich*, (1977) Ind.App., 364 N.E.2d 1024. We conclude, in answer to Grandchildren's first contention, from an examination of the record, that the trial court treated the motion to dismiss as one for summary judgment and will address the remainder of the issue accordingly.

Grandchildren insist that upon treating the motion as one for summary judgment the trial court was required to set the matter for hearing pursuant to T.R. 56(C), which states, in part, the following:

> "The motion shall be served at least ten [10] days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits."

Grandchildren then proceed to argue that the court's peremptory ruling upon the motion, without hearing, was error. We agree the court erred, but our determination is reached upon a different consideration.

■ The provision of T.R. 56(C) quoted above was designed for the usual situation where the motion was filed as a motion for summary judgment which would generally contain supporting materials. That a hearing date is to be set prospectively serves to allow sufficient time for the opposing party to file his matters in opposition to the motion, as well as the usual purposes of allowing time for preparation for any hearing. A peremptory ruling on a motion for summary judgment is not intended. However, where a court treats a motion to dismiss under T.R. 12(B)(6) as a motion for summary judgment under T.R. 56, as here exists, a slightly different circumstance is posed and a different rule is invoked. T.R. 12(B)(8) requires the court, in such circumstances, to grant the parties "a reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Failure to do so is reversible error. *Foster v. Littell*, (1973) 155 Ind.App. 627, 293 N.E.2d 790. *Foster* possessed the same procedural posture as exists here. In that case the matters presented outside the pleadings consisted of an affidavit filed by plaintiff Foster in opposition to defendant Littell's motion to dismiss under T.R. 12(B)(6). The court did not exclude the affidavit, but treated the motion as one for summary judgment under T.R. 56. However, such treatment of the motion was first announced to the parties in the court's ruling on the motion adversely to Foster, and no opportunity was afforded Foster to "present all material made pertinent to such motion by Rule 56." This court held that such omission was reversible error.

■ Children point out the fact that Grandchildren did not request a hearing. T.R. 12(B)(8) does not impose the burden of requesting a hearing as a condition to the requirement that the trial court allow all parties reasonable opportunity to present all evidence pertinent to the motion when that motion is treated as a motion for summary judgment by considering matters outside of the pleadings. We hold that it was error for the court to have ruled upon the motion without having given the parties reasonable time to present additional materials to the court for its consideration.

*Issue II.*

Grandchildren primarily contend that they are not foreclosed from pursuing their will contest in spite of its late filing because of the misrepresentation by Henthorn of the actual date of the probate of the Will. Children, on the other hand, just as earnestly, contend that the facts stated in the affidavit, as a matter of law, show no excuse or justification for attorney Bennett to act as he did. They argue that Bennett had a duty to examine the record himself, as he had access to it just as did attorney Henthorn, and that no duty rested upon the Children, or their attorney, to determine the actual date of probate and then notify the Grandchildren or their lawyer.

The first question toward resolution of the problem to be answered is whether under any circumstances a plaintiff will be permitted to file his complaint to contest a Will beyond the five month period fixed by Ind.Code 29–1–7–17.

Generally speaking, the statutory action to contest a will must be brought within the period prescribed by the statute. *Brown, supra.* However, as conceded by Children in their brief, it is well established in Indiana that the running of the five month period will not foreclose a plaintiff in a will contest from filing his action where he has been induced to refrain from a timely filing by a fraudulent misrepresentation of the defendant. *Modlin v. Riggle,* (1980) Ind.App., 399 N.E.2d 767; *Squarcy v. Van Horne,* (1975) 163 Ind.App. 64, 321 N.E.2d 858; *Brown, supra; Estate of Plummer v. Kaag,* (1966) 141 Ind.App. 142, 219 N.E.2d 917; *Fort v. White,* (1913) 54 Ind. App. 210, 101 N.E. 27. The fraudulent conduct must have been the efficient cause of the failure to timely commence the action, and all the other elements entitling the plaintiff to equitable relief must be present. *Brown, supra.* The court in *Brown, supra,* quoting from *Guy v. Schuldt,* (1956) 236 Ind. 101, 107, 138 N.E.2d 891, 894, stated the reason for the rule:

> "While the wrongdoer is concealing from an injured person his wrongful act, the law will not, through a statute of limitations, strip the injured party of his remedy against the wrongdoer."

308 N.E.2d at 428. *Guy, supra,* was a medical malpractice case reflecting the applicability of the doctrine to actions generally.

We are of the opinion that a fraudulent misrepresentation which will permit a late filing of a will contest is not different from any form of fraudulent misrepresentation which will entitle a plaintiff to relief. See 14 I.L.E. *Fraud* § 41. Some discussion of fraud generally is required as a second step in our analysis.

The essential elements of actionable fraud are a material misrepresentation of past or existing facts, which representation is false, made with knowledge (scienter) or reckless ignorance of this falsity, which causes a reliance upon these representations to the detriment of the person so relying. *Middlekamp, supra. Grissom v. Moran,* (1972) 154 Ind.App. 419, 290 N.E.2d 119. Direct and positive proof is not essential to establish fraud; circumstantial evidence will suffice if there are grounds from which fraud can be reasonably inferred. *Tompkins v. Smith,* (1952) 122 Ind.App. 502, 106 N.E.2d 487; *Gonderman v. State Exchange Bank, Roann,* (1975) 166 Ind.App. 181, 334 N.E.2d 724. An unqualified statement that a fact does or does not exist when communicated for the purpose of inducing another person to act, implies that that person making such representation is acquainted with the facts; and if action is induced by the false statement a fraudulent purpose will be implied. *Gonderman, supra. Brotherhood of Railroad Trainmen v. Virden,* (1940) 216 Ind. 324, 24 N.E.2d 934.

Deception and reliance involve the state of mind of the victim. As such, their existence or absence is a question of fact for the trier. *Plumley v. Stanelle,* (1974) 160 Ind.App. 271, 311 N.E.2d 626. One relying upon a representation is bound to exercise ordinary care and diligence to guard against fraud. However, the requirement of reasonable prudence in business transactions is not extended so as to permit an intentional fraud perpetrated on the unwary, *Soft Water Utilities v. Le-Fevre,* (1974) 159 Ind.App. 529, 308 N.E.2d 395; *Gonderman, supra.*

It is further the law in Indiana that a false and fraudulent representation may be relied upon by a person having no actual knowledge, even though the fact in question is a matter of public record. *Shuee v. Gedert,* (1979) Ind.App., 395 N.E.2d 804; *Backer v. Pyne,* (1891) 130 Ind. 288, 30 N.E. 21 (existence of a judgment); *Fisher v. Tuller,* (1890) 122 Ind. 31, 23 N.E. 523 (settlement of a public claim); *Ledbetter v. Davis,* (1889) 121 Ind. 119, 22 N.E. 744 (amount of acreage in a parcel of land); *Dodge v. Pope,* (1883) 93 Ind. 480 (existence of a mortgage); *Campbell v. Frankem,* (1879) 65 Ind. 591 (location of real estate); 14 I.L.E. *Fraud* § 22.

Finally, insomuch as this case was determined in trial court by the granting of a summary judgment, we must consult the rules surrounding summary judgment.

Summary judgment may be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits and testimony, if any, show that there was no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. T.R. 56(C); *Papp v. City of Hammond*, (1967) 248 Ind. 637, 230 N.E.2d 326; *Boswell v. Lyon*, (1980) Ind.App., 401 N.E.2d 735.

The purpose of summary judgment is to provide a procedural device for prompt disposition of cases where there is no genuine issue of material fact to be determined by a court or jury. *Hayes v. Second National Bank of Richmond*, (1978) Ind.App., 375 N.E.2d 647. It cannot and should not be used as an abbreviated trial. *Podgorny v. Great Central Insurance Company*, (1974) 160 Ind.App. 244, 311 N.E.2d 640. The trial judge may not weigh the evidence in a summary judgment proceeding. Even where the facts are undisputed, the ability to draw from these conflicting inferences which would alter the outcome will make summary judgment inappropriate. *Letson v. Lowmaster*, (1976) 168 Ind. App. 159, 341 N.E.2d 785. If any doubt remains as to the existence of a genuine issue of material fact, such doubt must be resolved against the movant of the summary judgment. *Hayes, supra; Raymundo v. Hammond Clinic Association*, (1980) Ind. App., 405 N.E.2d 65. In reviewing the propriety of a summary judgment the facts alleged by the party opposing the motion must be taken as true. *Boswell v. Lyon*, (1980) Ind.App., 401 N.E.2d 735. The material on file must be construed in favor of the opponent of the motion. *Waterfield Mortgage Company v. O'Conner*, (1977) Ind. App., 361 N.E.2d 924. The burden is on the proponent of the motion to demonstrate the absence of material fact. *Raymundo, supra*.

Even if the trial judge believes the proponent of the motion will prevail at the trial, or where he believes the likelihood of recovery are improbable, such are no bases for summary judgment. *Barbre v. Indianapolis Water Company*, (1980) Ind. App., 400 N.E.2d 1142; *Petro v. McCullough*, (1979) Ind.App., 385 N.E.2d 1195. On a defendant's motion for summary judgment every applicable inference must be resolved in favor of the plaintiff and against the defendant. *Ebert v. Grain Dealers Mutual Insurance Company*, (1973) 158 Ind.App. 379, 303 N.E.2d 693.

As measured in light of the foregoing discussion of the doctrine of *Fort, supra*, the demonstrated elements of fraud, and the rules surrounding summary judgment, does the affidavit of attorney Bennett raise an issue of material fact? We are of the opinion that it does. The facts stated in the affidavit must be considered as true and Grandchildren are entitled to every applicable inference which may flow therefrom. From those facts and inferences, it could be found that attorney Henthorn, being aware of Bennett's lack of correct information, falsely represented that the Will was probated in November of 1979, instead of the true date of August 8, 1979. It could be concluded that scienter existed insomuch as Henthorn was the attorney for the estate and it could be inferred that he knew when he probated the Will. The affidavit recited lack of actual knowledge by Bennett, a clear inference of reliance and detriment. Other matters, as deception, reliance, whether Bennett exercised due care, are all factual matters to be determined by a trial.

Children's arguments address themselves more to the weight to be given to the facts and inferences flowing therefrom rather than to the existence of the facts and inferences. Their arguments may be most persuasive to the court or jury in a trial, but in the review of a summary judgment proceedings neither we nor the trial court may weigh the facts and inferences.

For the above reasons, this cause is reversed.

Reversed.

ROBERTSON, and RATLIFF, JJ., concur.