## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 05 2015, 10:21 am

*Kevin S. Smith*

**CLERK**

of the supreme court, court of appeals and tax court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Miranda D. Bray | Clifford T. Rubenstein |
| Manley Deas Kochalski, LLC | Maurer Rifkin & Hill, P.C. |
| Indianapolis, Indiana | Carmel, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Aurora Loan Services, LLC, | March 5, 2015 |
| *Appellant-Defendant,* | Court of Appeals Case No. 32A04-1403-MF-104 |
| v. | Appeal from the Hendricks Superior Court |
| Gary Brian Plunkitt and Robert Nelson Imbody | The Honorable Matthew G. Hanson, Special Judge |
| *Appellee-Plaintiff* | Cause No. 32D05-1109-MF-522 |

**Mathias, Judge.**

[1]     Aurora Loan Services, LLC ("Aurora") appeals from the Hendricks Superior Court's dismissal of its complaint against Gary Plunkitt ("Plunkitt") and Robert Imbody ("Imbody") (collectively, "the Defendants") seeking to enforce a promissory note on a residential property after Plunkitt defaulted on the note.

Aurora raises four issues on appeal. We find the following three restated issues to be dispositive:

> I. Whether the trial court abused its discretion by striking two allonges[1] submitted by Aurora with its complaint;
>
> II. Whether the trial court erred in denying Aurora's motion for leave to amend its complaint; and
>
> III. Whether the trial court erred in failing to convert the Defendants' motion to dismiss to a motion for summary judgment.

We affirm.

# Facts and Procedural History

This case has a lengthy and complicated procedural history involving two separate causes of action.[2] On December 15, 2006, Gary Plunkitt executed a promissory note and mortgage in favor of CIT Group ("CIT") and Mortgage Electronic Registration System ("MERS") on a residential property located in Hendricks County. A few months later, in February 2007, Plunkitt defaulted on the note. In November 2007, CIT brought a foreclosure action against Plunkitt and Imbody, a later land contract purchaser of the property. CIT attached a certified copy of the promissory note to its complaint. The note contained no endorsements or allonges. CIT also attached to its complaint a copy of the mortgage, which named CIT as the lender and MERS as the mortgagee, and a

---

[1] Black's Law Dictionary 76 (7th ed.1999) defines an "allonge" as a paper "attached to a negotiable instrument for the purpose of receiving further indorsements when the original is filled."

[2] Plunkitt has been represented by counsel throughout the proceedings, and Imbody has proceeded *pro se*.

copy of an assignment of mortgage from MERS to CIT. The complaint alleged that CIT was the holder of the note and the assignee of the mortgage and that Plunkitt had defaulted on the terms of the note by failing to make payments due.

[4] In May 2009, CIT petitioned the trial court to substitute Aurora as plaintiff in CIT's place. The court granted the petition. Aurora filed an amended complaint asserting that it was the holder of the note and attached as an exhibit an assignment of mortgage from MERS to Aurora Loan Services, dated November 2, 2007.

[5] On July 31, 2009, Plunkitt and Imbody filed a joint Indiana Trial Rule 12(B)(6) motion to dismiss, arguing that Aurora could not enforce the note unless it showed that it was in possession of the original note. On the date of the hearing on the motion to dismiss, Aurora produced the original note, unendorsed, with no allonges attached to it. At the hearing, Aurora requested and received additional time to respond to the motion to dismiss. Three months later, in October 2009, Aurora filed its response to the Defendants' motion to dismiss. To its response, it attached for the first time an "Allonge to Note" which purported to show that CIT had endorsed the note to Aurora. Appellant's App. p. 114. Aurora also argued, as an alternative theory, that it was entitled to enforce the note as a non-holder transferee pursuant to Uniform Commercial

Code ("U.C.C.") section 3-301(2), codified at Indiana Code sections 26-1-3.1-301(2).[3]

[6] Plunkitt and Imbody filed a motion to strike the purported allonge and Aurora's new theory of recovery, emphasizing that the undated allonge had not been produced or even mentioned during the nearly two years of litigation of the matter and that Aurora's alternative theory of recovery was outside the scope of the pleadings. The trial court agreed with the Defendants and struck the allonge and the alternate transferee argument. The court then granted the Defendants' motion to dismiss, noting that "striking having occurred, evidence that [Aurora] is the holder of the Note that is the basis of litigation in the within cause is totally lacking." Appellant's App. p. 126. Aurora moved to file a second amended complaint, and the trial court denied the motion. Aurora did not appeal the dismissal of its November 7, 2007 complaint.

[7] In September 2011, nearly two years after the trial court granted the Defendants' motion to dismiss in the first cause of action ("*Aurora I*"), Aurora filed another complaint under a separate cause number in the same superior court. The complaint sought to enforce the note pursuant to Indiana Code

---

[3] Indiana code section 26-1-3.1-301 provides, in relevant part:

"Person entitled to enforce" an instrument means:

(1) the holder of the instrument;

(2) a nonholder in possession of the instrument who has the rights of a holder;

* * *

A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument."

section 26-1-3.1-301 and alleged the same or substantially similar facts as the complaint filed in *Aurora I*. To the complaint, Aurora attached both the allonge stricken by the trial court in *Aurora I* and a second allonge, which purported to contain a blank endorsement of the note by Aurora.

[8]     On November 1, 2011, Plunkitt and Imbody filed a motion for a more definite statement, noting that Aurora failed to state under which legal basis in Uniform Commercial Code section 301 it sought to enforce the note. Aurora amended its complaint on December 7, 2011, asserting that it was the note's holder pursuant to U.C.C. section 301(1), codified at Indiana Code section 26-1-3.1-301(1).[4]

[9]     On January 12, 2012, Plunkitt and Imbody filed a joint motion to strike both allonges and to dismiss the case pursuant to Trial Rule 12(B)(6), Trial Rule 12(B)(8), and principles of res judicata. The trial court held a hearing on the Defendants' motion to dismiss on December 5, 2013. At the hearing, counsel for Aurora informed the trial court that Aurora Loan Services had been dissolved and noted that it had filed a motion to substitute DLJ Mortgage in Aurora's place as plaintiff.[5] The trial court held Aurora's motion to substitute plaintiff in abeyance pending the court's ruling on the Defendants' motion to strike and motion to dismiss.

---

[4] Indiana Code section 26-1-3.1-301(1) provides that a "'[p]erson entitled to enforce' an instrument means . . . the holder of the instrument[.]"

[5] The Defendants/Appellees filed with this court a motion to dismiss the appeal for lack of subject matter jurisdiction based on the non-existence of the Appellant, Aurora. This court denied the Appellees' motion.

[10] On December 9, 2013, based in part on the *Aurora I* court's order regarding the purported allonge, the trial court granted the Defendants' motion to strike the allonges and dismissed the complaint pursuant to 12(B)(6), finding that "Aurora is still not a party with any provable right to proceed against the Defendant." Appellant's App. p. 20. The trial court denied the Defendants' motion to dismiss pursuant to 12(B)(8) and principles of res judicata, noting that "the issue of whether default has occurred is still a matter that can be heard, but must be pursued by a correct Plaintiff" and that "the prior matter that was dismissed was done so based on the fact that the [Aurora] could not prove that they had a right back then any more than they can prove they have a right now." Appellant's App. p. 21.

[11] Aurora filed a motion to correct error on January 9, 2014. In its motion, Aurora argued that the trial court failed to apply the proper standard when striking the two allonges and in determining that Aurora was not entitled to enforce the note and that the trial court should have converted the Defendants' motion to dismiss to a motion for summary judgment. Aurora also requested leave to file a second amended complaint to assert an alternative theory of recovery based on Indiana Code sections 26-1-3.1-301(2) and -301(3). The trial court denied Aurora's request for leave to file a second amended complaint and denied Aurora's motion to correct error.

[12] Aurora now appeals.

# Discussion and Decision

### I. Motion to Strike Allonges

[13] Aurora first argues that the trial court abused its discretion in striking the two allonges Aurora submitted as exhibits with its complaint. Specifically, Aurora argues that the allonges the trial court struck were self-authenticating and "required to be attached to Aurora's complaint . . . as they were a part of the written instrument creating the debt." Appellant's Br. at 15. To support its argument, Aurora cites Indiana Trial Rule 9.2(A),[6] Indiana Trial Rule 12(F),[7] Indiana Rule of Evidence 902(9),[8] as well as *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)[9] and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).[10]

[14] The Defendants argued in their joint motion to strike that the first allonge was "not an allonge because it was not affixed to the Note" and that, therefore, the endorsement contained on the allonge "was not an endorsement of the Note, but rather an endorsement of a blank piece of paper." Appellant's App. p. 83.

---

[6] Indiana Trial Rule 9.2(A) provides, "When any pleading allowed by these rules is founded on a written instrument, the original, or a copy thereof, must be included in or filed with the pleading. Such instrument, whether copied in the pleadings or not, shall be taken as part of the record."

[7] Indiana Trial Rule 12(F) states that "[u]pon motion made by a party before responding to a pleading, or, if no responsive pleading is permitted by these rules, upon motion made by a party within twenty [20] days after the service of the pleading upon him or at any time upon the court's own initiative, the court may order stricken from any pleading any insufficient claim or defense or any redundant, immaterial, impertinent, or scandalous matter."

[8] Under Indiana Rule of Evidence 902(9), "[c]ommercial paper, a signature on it, and related documents, to the extent allowed by general commercial law" is self-authenticating.

[9] Under *Twombly*, for factual allegations to survive a motion to dismiss for failure to state a claim upon which relief can be granted, they must be sufficient to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact.

[10] In *Ashcroft*, the U.S. Supreme Court held, in relevant part, that to survive motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has "facial plausibility" when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged.

The Defendants also indicated their belief that the allonge was forged and the note altered. The Defendants noted that although the allonge purported to show that CIT transferred its interest to Aurora on November 7, 2007, it was not until March 27, 2009, that CIT sought to substitute Aurora as plaintiff. The Defendants argue that the endorsement on the second allonge was an anomalous endorsement, or an endorsement made by someone other than the holder of the instrument, namely, Aurora. The Defendants maintained that the purported second allonge "was simply fabricated and affixed to the Note in anticipation of litigation." Id. at 86.

In its order striking the two allonges, the trial court stated:

> 11) [N]ow, Plaintiff has presented exactly the same evidence as they did in their first case but have included another allonge (allonge #2) which essentially says the rights from the first allonge have been transferred to the proper Plaintiff.
>
> 12) The Plaintiff argued to this court that it would be improper to look outside the pleadings to make any determination on a motion to dismiss.
>
> 13) What this thought process and request lacks, however, is the fact that what has occurred outside of this case, up to this point, is exactly what must be looked at in order to determine whether the Plaintiff has any current right to enforce an alleged default on this note.
>
> 14) To ignore the past actions, the past rulings and the actions of the Plaintiff in coming to some sort of determination on this motion to dismiss would be an injustice to the system, a waste of resources and continue an action that has been fraught with deceptive acts by prior counsel in this case.
>
> 15) As such, this Court will absolutely consider the actions of the prior court and the actions in this case to determine whether or not this case should continue.

16) First, there is no question that essentially all of the same documents and all of the same allegations regarding breach are the same as the case decided by [the *Aurora I* court].

17) That even though the allonge #1 that was presented at the eleventh hour in the prior case was struck, not considered, and thereafter the Motion to Dismiss was granted in that case, the Plaintiff's request for this court to find that since the allonge #1 was never considered, this is different evidence.

18) As well, the appearance of a self-serving allonge #2, prepared again by Aurora, to try and show that allonge #1 was accurate and transferred an interest, does not itself create new evidence upon which this Court should now rely to find standing exists.

19) To permit the Plaintiff to utilize the questionable allonge #1 to thereafter transfer rights by writing up and attaching allonge #2 circumvents the prior court ruling that the allonge #1 is either fraudulent or inaccurate and therefore was stricken from consideration by that court.

20) In other words, there is no new evidence upon which the Plaintiff again is making a claim they are a proper party unless this court ignores the prior finding of the Special Judge as the Plaintiff asks this court to do.

21) Despite the invitation, this Court will consider the prior findings of the Special Judge and continue to agree that allonge #1 should be stricken from the record since it created no interest in making a party before and should not be allowed to do so again.

22) As well, in light of that prior finding which was litigated and not appealed by Plaintiffs as to allonge #1 being stricken, this court must strike and not consider allonge #2 which was generated only as a response to allonge #1 being questionable/improper/unreliable/fraudulent (whatever the reason was by the Special Judge which is unclear from her order).

Appellant's App. pp. 18-19.

[16]     Under these facts and circumstances, the trial court did not abuse its discretion in striking the two allonges submitted by Aurora. It is well settled that a prior

court order may serve as a basis for a court's judgment. *Schultz v. Farm Credit Servs. of Mid-Am.*, 692 N.E.2d 504 (Ind. Ct. App. 1998) (concluding that prior court order which was based on court's conclusion that individual held no interest in subject property could properly form basis of subsequent order in separate action, even if prior order was "unfinal" because it did not resolve all issues as to all parties, where no timely appeal from prior order had been taken). Here, the trial court specifically noted that it would strike the first allonge based on the order issued by the trial court in *Aurora I* and the second allonge because its only purpose was to attempt to show that the stricken first allonge was authentic.[11] This was within the trial court's discretion, and we find no error.

## II. Aurora's Alternate Theories

[17] Aurora next argues that the trial court abused its discretion by striking Aurora's alternate theories of recovery. However, this argument is more properly framed as whether the trial court erred in denying Aurora's motion for leave to amend its already-amended complaint.

[18] After the trial court dismissed Aurora's amended complaint, Aurora filed a motion to correct error in which it argued, in part, that it should be given leave to amend its complaint to assert a right to enforce the note under Indiana Code sections 26-1-3.1-301(2) and -301(3). The trial court denied Aurora's request,

---

[11] Aurora also argues that by striking the allonges, the trial court erred by essentially nullifying the alternate argument that Aurora was the transferee of the note. Since we have already determined that the trial court did not abuse its discretion in striking the allonges, we conclude that this argument is without merit.

issuing an order that provided, in relevant part, that "Plaintiff's alternate theories of recovery under U.C.C. 301(2) and 301(3) . . . hereby are stricken." Appellant's App. p. 162. The effect of the trial court's order, however, was to deny Aurora's request for leave to amend its complaint.

[19] Indiana Trial Rule 15(A) provides that:

> A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted, and the action has not been placed upon the trial calendar, he may so amend it at any time within thirty [30] days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be given when justice so requires.

[20] The grant or denial of leave to amend under Trial Rule 15(A) is a matter within the sound discretion of the trial court. *Beta Alpha Shelter of Delta Tau Delta Fraternity, Inc. v. Strain*, 446 N.E.2d 626, 631 (Ind. Ct. App. 1983). Thus, we will reverse the decision of the trial court only upon a manifest showing of abuse of discretion. *Brenneman Mech. & Elec., Inc. v. First Nat. Bank of Logansport*, 495 N.E.2d 233, 244 (Ind. Ct. App. 1986).

[21] In *Hilliard v. Jacobs*, 927 N.E.2d 393 (Ind. Ct. App. 2010), *trans. denied*, the plaintiff filed a motion for leave to amend her complaint three years after the filing of the initial complaint to "add new legal theories that were available to her at the outset of the case." *Id.* at 400. On appeal from the trial court's denial of the motion, another panel of this court noted that the plaintiff filed for leave to amend the complaint only after it became apparent that her initial claims would fail. *Id.* This court also observed that the plaintiff failed to provide any

credible reason as to why she had not included the proposed claims in her original complaint. *Id.* Ultimately, this court affirmed the trial court's denial of the plaintiff's motion for leave to amend her complaint. *Id.*

[22] In *Aurora II*, the case before us, Aurora asserted in its original complaint a right to enforce the note under Indiana Code section 26-1-3.1-301. Plunkitt and Imbody filed a request for a more definite statement. In response, Aurora amended its complaint to specify a theory of recovery under Indiana Code section 26-1-3.1-301(1), making essentially the same arguments it made in *Aurora I*. It was only after the trial court dismissed Aurora's amended complaint that Aurora sought to again amend its complaint to attempt to enforce the note pursuant to Indiana Code sections 26-1-3.1-301(2) and -301(3).

[23] The alternate arguments proposed by Aurora in its request for leave to amend its complaint were available to Aurora from the outset of the litigation. As was the case in *Hilliard*, allowing Aurora to amend its complaint and add additional theories of recovery after the original theories had been dismissed would cause the Defendants to "defend [against] piecemeal litigation" while giving Aurora "potentially endless 'bites at the apple.'" *Hilliard*, 927 N.E.2d at 400. Therefore, under these facts and circumstances, we cannot say that the trial court abused its discretion in denying Aurora's after-the-fact motion for leave to amend its complaint.

### III. Motion to Dismiss Standard

[24] Aurora argues that the trial court "committed reversible error by failing to convert the motion to dismiss to one for summary judgment when considering evidence outside the pleadings." Appellant's Br. at 24. We agree with Aurora that the trial court should have converted the Defendants' motion to dismiss to a motion for summary judgment but disagree with its contention that this error was reversible.

[25] Indiana Trial Rule 12(B) provides:

> If, on a motion, asserting the defense number (6), to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. In such case, all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

[26] "Matters outside the pleadings" are "those materials that would be admissible for summary judgment purposes, such as depositions, answers to interrogatories, admissions, and affidavits." *Fox Development, Inc. v. England*, 837 N.E.2d 161, 164 (Ind. Ct. App. 2005).

[27] Here, in ruling on the Defendants' motion to dismiss, the trial court considered the *Aurora I* court's judgment and exhibits attached to the Defendants' motion to dismiss. The trial court therefore should have converted the motion to dismiss to a motion for summary judgment. *See Runkle v. Runkle*, 916 N.E.2d 184 (Ind. Ct. App. 2009) (on plaintiff's appeal from dismissal of her claim, with prejudice, the Court of Appeals would view the defendant's motion to dismiss,

which included a number of exhibits such as a prior judgment, as a motion for summary judgment).

[28] Indiana Trial Rule 12(B)(8) provides that when a 12(B)(6) motion is to be treated as one for summary judgment, "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." When a trial court treats a 12(B)(6) motion as one for summary judgment and does not afford the parties a reasonable opportunity to present such material, the trial court commits reversible error. *Carrell v. Ellingwood*, 423 N.E.2d 630, 634 (Ind. Ct. App. 1981). However, when the trial court does in fact afford the parties a reasonable opportunity to present external material, the failure to specifically designate a motion as one for summary judgment instead of dismissal under 12(B)(6) is deemed harmless error, and the appellate court will simply review the case as if arising from a grant of summary judgment. *See ITT Hartford Ins. Grp. v. Trowbridge*, 626 N.E.2d 567, 569 (Ind. Ct. App. 1993).

[29] In this case, Aurora was given ample opportunity to present material external to the pleadings in opposition to the Defendants' motion and in fact did submit such material, namely responsive pleadings and additional evidence, and had the opportunity to rebut the Defendants' position at a hearing on the motion to dismiss. The trial court's failure to treat the 12(B)(6) motion as one for summary judgment did not create unfairness caused by surprise to Aurora.

Thus, the error is harmless.[12] *See Dixon v. Siwy*, 661 N.E.2d 600, 604-05 (Ind. Ct. App. 1996); *Duran v. Komyatte*, 490 N.E.2d 388, 391 (Ind. Ct. App. 1986) (motion to dismiss for failure to state a claim upon which relief could be granted should have been converted to a motion for summary judgment, where ruling on motion was not made the same day objections to the motion were filed by nonmoving party, and counsel for nonmoving party had opportunity at hearing on motion to rebut position of moving party and introduce new matters in addition to those already contained in memorandum in opposition to the motion; however, error was harmless).

# Conclusion

[30] For all of these reasons, we conclude that the trial court did not abuse its discretion in striking two allonges submitted by Aurora with its complaint and did not err in denying Aurora's motion for leave to amend its complaint. The trial court did err in failing to convert the Defendants' motion to dismiss to a motion for summary judgment, but because Aurora was provided a unique and ample opportunity to rebut the Defendants' arguments over the course of two cases involving the same facts, this error was harmless.

---

[12] Aurora also argues that the trial court erred by misapplying the Indiana Trial Rule 12(B)(6) standard in failing to "accept as true all of the allegations contained in the complaint" and failing to allow any plausible claim for relief to survive dismissal. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572, 127 S. Ct. 1955, 1975, 167 L. Ed. 2d 929 (2007). However, we have already determined that because the trial court considered materials outside the pleadings, we will treat this matter as an appeal from a grant of summary judgment. Aurora's argument regarding the proper standard to be applied when ruling on a 12(B)(6) motion therefore is moot. Furthermore, even, under the 12(B)(6) standard, after the trial court struck the two allonges, no evidence was presented before the trial court that Aurora had any right to recover under the note, and therefore, no plausible claim for relief available to Aurora.

Affirmed.

Riley, J., and Crone, J., concur.